STATE EX REL. THE WATERBURY CORRUGATED CON-
TAINER COMPANY *v.* JOHN J. KILDUFF ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js

Argued February 3—decided March 6, 1942.

*J. Gregory Lynch,* with whom was *Edward J. Mc-Donald,* for the appellant (defendant).

*Richardson Bronson,* with whom, on the brief, was *William J. Secor, Jr.,* for the appellee (plaintiff).

JENNINGS, J. This case involves the validity of an assessment of property for taxation. The relator is hereinafter referred to as the plaintiff. The board of tax commissioners and apportionment of the city of Waterbury are referred to as the defendants. The tax collector was also named as defendant but, in our view of the case, is not concerned with the issues.

The defendants determined the assessed valuation of the land and buildings owned by the plaintiff for the grand list of 1939, as of the taxing date, May 1, 1940, at $29,350 and $180,000 respectively. In an action brought against the city of Waterbury under the provisions of § 1201 of the General Statutes, as amended by § 375c of the Cumulative Supplement of 1935, the Superior Court entered judgment finding the valuation manifestly excessive and that a true valuation of the property for 1939 was $29,350 for the land and $120,000 for the buildings, and also gave judgment reducing the total assessed valuation from $209,-350 to $149,350. As the judgment file discloses, the court did not make or order a change in the grand list for 1939. At the trial of the action, the plaintiff introduced testimony that it had made improvements in or repairs to the property at a cost of $15,000 to $20,000, but as these improvements and repairs were made after May 1, 1940, they were not considered by

the court in arriving at its judgment. It was the intention of the defendants to list the property of the plaintiff on the 1940 grand list at $149,350, the amount fixed by the judgment, plus $15,000 for the improvements, but since no note of the judgment had been made on the 1939 list it was listed in 1940 for the same amount, $209,350. No notice of the 1940 valuation on the grand list was sent to the plaintiff.

The plaintiff, by mandamus, seeks to require the defendants to correct the 1939 list to conform to the judgment, to correct the 1940 list to state a valuation in the same amount and to require the tax collector to prepare a new tax bill on the corrected list and to receive and receipt for the amounts due thereon. The rather specious reasoning of the plaintiff is as follows: it being entitled to a reduction of the 1939 list in accordance with the judgment, the 1940 list as filed would show an increase over this amount. This would require a notice of the increase, which was not sent. General Statutes, § 1141. The increase was therefore invalid and the property should be set in the list at the corrected 1939 figure.

Section 1201 provides for a procedure entirely different from an appeal to a board of relief with an appeal from it to the court. The latter procedure is designed to act directly on the valuations of property on the grand list. *Bridgeport Brass Co.* v. *Drew,* 102 Conn. 206, 217, 128 Atl. 413. Section 1201 is directed to relief against the collection of an illegal tax. The proper judgment is not, as in the case of an appeal from the action of a board of relief, that the valuations in the grand list be changed (Practice Book, Forms No. 624, 625) but that the tax sought to be collected is, in whole or in part, not justly due. The grand list remains unaffected but the tax, or some part of it, based on the list, cannot be collected. It follows that

the premise on which the reasoning of the plaintiff is based, that it is entitled to a correction of the 1939 list, is untrue.

Even if this were not so, the remedy of mandamus, elected by the plaintiff, would not be available. It appears from the stipulated facts on which the case was decided that substantial improvements were made in the property during the tax year and that it was the intention of the defendants that the value of these should be reflected in the 1940 list. Under these circumstances it was still the statutory duty of the defendants to list the property at its "present true and actual valuation." General Statutes, § 1143. The valuation of property by assessors is a discretionary matter and cannot be controlled by mandamus. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 615, 132 Atl. 30; *State* v. *Erickson,* 104 Conn. 542, 545, 133 Atl. 683. Assessors must make oath to perform their duties according to law. General Statutes, §§ 292, 2234. The facts show that to order them to correct the 1940 list in accordance with the plaintiff's prayer would be to require them to violate their oath, since no account would be taken of the improvements made.

The failure to note the judgment on the 1939 list, resulting in this unusual situation, did not leave the plaintiff without other remedy. It had ample time to proceed, as it had before, under General Statutes, § 1201, as amended, intended to reach just such situations. Both parties would have been able to present their claims fully and the court would have been in a position to do exact justice. Under the procedure chosen by the plaintiff, it was sought to deprive the city of taxes to which it was apparently clearly entitled without any opportunity to present its claims thereto.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendants.

In this opinion the other judges concurred.