The E. Ingraham Company *v.* Town and City of Bristol

Daly, C. J., Baldwin, King, Murphy and Mellitz, Js.

Argued March 4—decided April 28, 1959

*Joseph M. Donovan* and *Wallace Barnes,* with whom were *Sherwood L. Anderson III* and, on the brief, *Frederick W. Beach* and *George T. Calder,* for the plaintiff.

*Neil F. Murphy,* with whom, on the brief, was *Louis F. Hanrahan,* corporation counsel, for the defendant.

KING, J. In May, 1956, the plaintiff instituted this proceeding in four counts. It has agreed that all but the second and fourth counts may be treated as abandoned. The defendant demurred to the prayers for relief. Apparently before any determination of the demurrer, the parties entered into a stipulation for a reservation of certain questions. It is this reservation which is now before us. The basic facts

are relatively simple. The plaintiff, a manufacturer, on October 1, 1955, owned real and personal property, all liable to taxation in Bristol. The real property was assessed at 50 per cent of its actual value, the personal property other than motor vehicles at 90 per cent, and the motor vehicles at 100 per cent. These percentages were applied uniformly in the assessment of all property in Bristol. Of course, the millage rate on all assessments was uniform for the tax year in question. There is no claim that the amount taken as the actual value of any of the plaintiff's property was excessive. Indeed, the amount taken as the actual value of the personal property other than motor vehicles was the plaintiff's own valuation.

The plaintiff claims that all of its property, both real and personal, should have been assessed at a single uniform percentage of its actual value, that it owned more than twice as much personal property as real property, and that since all personal property in Bristol, including that of the plaintiff, was assessed at a higher percentage of its actual value than was real property, the plaintiff was indirectly required to pay a higher percentage of the total taxes raised in Bristol for the year in question than it would have had to pay had personal property not been assessed at a higher percentage of actual value than was real property.

The plaintiff instituted a similar proceeding based on the assessment of October 1, 1954. In a decision rendered May 17, 1957, this court held that under the then controlling statutes[1] assessors had to assess

[1] To avoid confusion it perhaps should be pointed out that subsequent to that decision the General Assembly, at its 1957 session, enacted what is now § 12-64 of the Revision of 1958, changing the law to provide that all taxable real and personal property "shall be liable

real and personal property at its actual value. *E. Ingraham Co.* v. *Bristol,* 144 Conn. 374, 377, 132 A.2d 563. It should be noted that in the present proceeding the plaintiff does not seek a legal assessment of its property, that is, an assessment at actual value. Nor did it in the former proceeding. Admittedly, all of the plaintiff's property, except its motor vehicles, was assessed in 1954 and in 1955 at less than actual value. In its brief it claims "reimbursement by the Town of Bristol for overpayment of taxes."

While this court held the 1954 assessment, except as to motor vehicles, illegal, it further held that the plaintiff was entitled to no relief since as a result of the illegality all of the plaintiff's property except motor vehicles was assessed at less than it should have been under the controlling statutes and any reduction would violate the assessment statutes even more than the board of assessors had already done by assessing property at fractions of actual value. *E. Ingraham Co.* v. *Bristol,* supra, 382. The plaintiff seeks to avoid the result of that case by claiming that the present proceeding, unlike the former case, is not an appeal from the doings of the board of tax review under what is now § 12-118 of the 1958 Revision (Rev. 1949, § 1800), but is an application to the Court of Common Pleas for relief under § 12-119 (Rev. 1949, § 1801). The defendant claims the present proceeding is solely an appeal from the board of tax review under § 12-118 and that under the rule of *E. Ingraham Co.* v. *Bristol,* supra, no relief can be granted. In the view which we take it is unnecessary to determine this question and we assume, without

to taxation at a uniform percentage of its present true and actual valuation, not exceeding one hundred per cent of such valuation." It is not claimed that this legislation had any effect on the instant case, which involves an assessment made as of October 1, 1955.

in any way deciding, that the complaint is adequate to invoke the provisions of § 12-119.

The plaintiff's right to relief under § 12-119 must be determined from an analysis of the statute in the light of the plaintiff's claims and the stipulated facts. The statute is "directed to relief against the collection of an illegal tax. The proper judgment is not, as in the case of an appeal from the action of a board of . . . [tax review under § 12-118], that the valuations in the grand list be changed . . . but that the tax sought to be collected is, in whole or in part, not justly due. The grand list remains unaffected but the tax, or some part of it, based on the list, cannot be collected." *State ex rel. Waterbury Corrugated Container Co. v. Kilduff,* 128 Conn. 647, 649, 25 A.2d 62; *Fenwick v. Old Saybrook,* 133 Conn. 22, 24, 47 A.2d 849; *First National Bank & Trust Co. v. West Haven,* 135 Conn. 191, 194 n., 62 A.2d 671. It is important, however, to note that the prerequisite to relief under the statute is an illegality in the assessment of the applicant's property, or at least of property which he owned at the date of the institution of the action. *General Realty Improvement Co. v. New Haven,* 133 Conn. 238, 241, 50 A.2d 59.

"The statute in question does not act in any way as . . . an appeal [from the board of tax review]. It provides another and different method of attacking the validity of an assessment upon two different grounds included in its provisions, and upon those only. We have held heretofore that the remedy by appeal from the action of a board of . . . [tax review under § 12-118 of the 1958 Revision] is not exclusive, and that the tax may be paid and an action brought to recover it as money illegally received and retained, and that in extreme cases an injunction may be granted restraining the collection of the tax. . . .

To these recognized remedies the statute . . . [§ 12-119] merely added one more, and this added remedy was, properly speaking, merely declaratory of existing and equitable rights; for . . . relief outside of that obtainable by appeal [from the board of tax review] would have been afforded as respects the two categories mentioned in the . . . statute . . . ." *Connecticut Light & Power Co.* v. *Oxford,* 101 Conn. 383, 391, 126 A. 1. Whether, in all situations where it is applicable, the statute precludes resort to an equity action we need not now determine. *Cohn* v. *Hartford,* 130 Conn. 699, 704, 37 A.2d 237.

The first category in the statute embraces situations where a tax has been laid on property not taxable in the municipality where it is situated, as in cases such as *Fenwick* v. *Old Saybrook,* supra; *First National Bank & Trust Co.* v. *West Haven,* supra, 192; and *Bridgeport* v. *Stratford,* 142 Conn. 634, 636, 116 A.2d 508. Here it usually, if not invariably, furnishes a remedy alternative to an appeal from the board of tax review under § 12-118. See cases such as *Pomfret School* v. *Pomfret,* 105 Conn. 456, 457, 136 A. 88; and *Arnold College* v. *Milford,* 144 Conn. 206, 207, 128 A.2d 537. With this category we have no immediate concern in this case.

The second category, under which the plaintiff claims to be proceeding, embraces situations where it is claimed that, in the words of the statute, "a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property." Here the statute does not afford a procedure in all respects alternative to that given by an appeal from the board of tax review under § 12-118. Mere over-

valuation, without more, in an assessment of property is not enough to make out a case under § 12-119, and for this the exclusive remedy is still an appeal from the board of tax review under § 12-118. *Cohn* v. *Hartford,* supra, 703; *Cooley Chevrolet Co.* v. *West Haven,* 146 Conn. 165, 166, 148 A.2d 327. To bring an assessment under the second category of § 12-119, it must be (a) manifestly excessive and (b) one which could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of the property. *Lomas & Nettleton Co.* v. *Waterbury,* 122 Conn. 228, 230, 188 A. 433; *Cohn* v. *Hartford,* supra; *Mead* v. *Greenwich,* 131 Conn. 273, 276, 38 A.2d 795. Parenthetically, it may be noted that after the decision in *E. Ingraham Co.* v. *Bristol,* 144 Conn. 374, 132 A.2d 563, the General Assembly, in § 1 of No. 673 of the 1957 Public Acts, purported to validate assessments in municipalities where real or personal property had been assessed at a percentage of its actual value instead of at its full actual value. The plaintiff claims that the section is unconstitutional as an invalid attempt to validate an illegal assessment retroactively. Under our view of this case, it is unnecessary to consider, and we do not give consideration to, this validating statute.

There can be no doubt that the plaintiff has brought itself within the second of the two prerequisites for relief under the second category of § 12-119 in that the assessment of its real and personal property, except for its motor vehicles, was illegal and could have been, and indeed was, arrived at only by disregarding the provisions of the law requiring that its property be assessed at its actual value as distinguished from any fraction of that value. *E. Ingraham Co.* v. *Bristol,* supra, 377. But

it is equally obvious that the plaintiff has failed to bring itself within the first prerequisite. By showing that an illegal assessment threw a disproportionate share of the total tax liability in Bristol upon it, the plaintiff did not establish that the assessment on its personal property was "manifestly excessive." On the contrary, the assessment was obviously too low in that it was admittedly fixed at only a fractional part of the actual value. It follows that the plaintiff has failed to show itself entitled to relief under § 12-119, under which, alone, it claims to be proceeding, and that the answer to the first question in this reservation—whether the plaintiff is entitled to relief under § 12-119—should be in the negative. This conclusion disposes of this application adversely to the plaintiff and makes unnecessary any consideration of the other questions asked in the reservation.

To the first question in the reservation as amended, we answer "No"; the remaining questions are not answered.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.