PRESIDENT AND FELLOWS OF HARVARD COLLEGE *v.* TOWN OF LEDYARD

COURT OF COMMON PLEAS    NEW LONDON COUNTY    FILE NO. 24110

Memorandum filed June 20, 1975

*Dupont, Dupont, Tobin & Williams,* for the plaintiff.

*Suisman, Shapiro, Wool & Brennan,* for the defendant.

BIELUCH, J. The plaintiff is a nonstock corporation organized under the laws of the commonwealth of Massachusetts exclusively for educational purposes and owning four parcels of land, with buildings and improvements thereon, situated in the town of Ledyard. Denied tax exemption for those properties or a reduction in their respective valuations by the board of tax review, the plaintiff instituted these proceedings "appealing from the board of tax review of the Town of Ledyard *and* applying for relief against a wrongful assessment of its property for taxation." (Italics supplied.) The first phrase is the wording of an appeal to the court under General Statutes § 12-118 from a board of tax review. See Practice Book Form 775. The

latter phrase is that of an application to the court for relief under General Statutes § 12-119 against a wrongful assessment for taxation. See Practice Book Form 776.

The complaint cuts two ways. In the first count the plaintiff seeks a tax exemption. It claims that the denial of exemption because of foreign incorporation, when otherwise eligible, by our statutory limitation to Connecticut corporations is unconstitutional as violative of the equal protection clauses of the federal and state constitutions. The four additional counts seek a reduction in the respective valuations of the plaintiff's real estate. To this complaint the defendant has demurred on three grounds.

Alleged as the first reason for the demurrer is the misjoinder of two or more causes of action which cannot properly be united in one complaint. The issue arises over the nature of the first count, the remaining four counts being admittedly brought under General Statutes § 12-118. The plaintiff alleges in the first count (1) that it meets all of the requirements for exemption under General Statutes § 12-81 (7), except that it is not a Connecticut corporation; (2) that it qualifies for exemption under General Statutes § 12-81 (8), except that it is not one of the Connecticut colleges specifically named therein; (3) that the limitation of those two provisions to Connecticut educational institutions denies to it the equal protection of the law; (4) that it appealed to the board of tax review for exemption; and (5) that the board made no change in the status of the property. The plaintiff contends that that count has been properly brought under General Statutes § 12-119. The defendant, on the other hand, interprets that count as being an appeal from the board of tax review improperly predicated on General Statutes § 12-118. The argument of the town is that any claim for tax exemption by an educa-

tional organization must be made under the procedure and provisions of General Statutes § 12-81 and that the proper remedy for a denial is the appeal procedure specifically provided therefor by General Statutes § 12-89.

Section 12-119 provides that "[w]hen it is claimed that a tax has been laid on property not taxable . . . or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . may, in addition to the other remedies provided by law, make application for relief to the court of common pleas . . . within one year from the date as of which the property was last evaluated for purposes of taxation." In contradistinction to that procedure, an appeal from the doings of assessors must be taken first to the board of tax review under General Statutes § 12-111 and, within two months thereafter, to the court under § 12-118.

Section 12-119 involves matters dissociated from the numerous questions which may arise in the performance of assessors' duties and the revision of their action by a board of tax review and is concerned with only two of the matters which might be questioned by an appeal from the board to the court. The remedy provided is directed toward one thing only, an existing tax. *Connecticut Light & Power Co.* v. *Oxford,* 101 Conn. 383, 389. In the cited case, two separate actions were heard together. The first was brought under the provisions of Public Acts 1921, chapter 302, now § 12-119, claiming that the plaintiff's property was not taxable and seeking a judgment declaring the assessment as of October 1, 1920, and the tax computed thereon to be void. No appeal had been taken to the board of relief

from that assessment. The second was an appeal from the action of the board of relief refusing to reduce the plaintiff's 1921 tax list taken in the usual form to court under the terms of what is now § 12-118. The allegations of the complaint in the latter action were similar to those in the first complaint, with proper change of dates and further allegations as to the action of the assessors and board of relief. By stipulation the sole issue in each action was the taxability of the plaintiff's property. The trial court found the issues in both cases for the plaintiff and ordered the tax levied on the exempt property stricken from the taxable lists of the town. The defendant further was enjoined from collecting any tax levied on those items. The Supreme Court affirmed, holding (p. 392), that the statute of 1921 was "merely declaratory of existing legal and equitable rights; for can it be doubted that *relief outside of that obtainable by appeal,* would have been afforded as respects the two categories mentioned in the recent statute, that is, the absolute nontaxability of the property in the municipality where situated, and a manifest and flagrant disregard of statutory provisions." (Italics supplied.)

Section 12-119 was not intended as a remedy alternative to an appeal to the board of tax review under § 12-111 and thereafter to the court under § 12-118, "where the claim is merely that the property has been overassessed." *Cohn* v. *Hartford,* 130 Conn. 699, 703. It is directed to relief against the collection of an illegal tax. The proper judgment is not, as in the case of an appeal from the action of a board of tax review, that the valuations in the grand list be changed but that the tax sought to be collected is, in whole or in part, not justly due. *State ex rel. Waterbury Corrugated Container Co.* v. *Kilduff,* 128 Conn. 647, 649.

The purpose of § 12-118 gives it a broader interpretation. Its operation, although more restrictive in time limitation, is greater in scope than § 12-119. *Connecticut Light & Power Co.* v. *Oxford,* supra, 389. Under the provisions of § 12-118, "[t]he court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable." Such authority of the court is invoked by an appeal to the board of tax review pursuant to § 12-111 of any person "claiming to be aggrieved by the *doings* of the assessors" and his further appeal to the court under § 12-118 from "the *action* of the board of tax review." (Italics supplied.) No limitation is expressed in the statutes on the "doings" of the assessors or "action" of the board of tax review that becomes subject to judicial review under § 12-118. That broad power of review granted to the court by § 12-118 includes the determination of tax exemption after denial by the assessors and the board of tax review. *Edgewood School, Inc.* v. *Greenwich,* 131 Conn. 179, 184; see *Institute of Living* v. *Hartford,* 133 Conn. 258.

The appeal to the court from the board of tax review is in direct contrast to the action authorized by § 12-119. Under the latter, "[t]he proceeding is not an appeal, but it invokes an original jurisdiction vested in the Court of Common Pleas." *Mead* v. *Greenwich,* 131 Conn. 273, 275. An appeal from a board of tax review, while invoking the same equitable powers of the court, is governed by § 12-118. *Hutensky* v. *Avon,* 163 Conn. 433, 436.

There exist three statutory avenues for a judicial determination of tax exemption. The route by § 12-89 is limited to specific types of Connecticut organizations given tax exemption by § 12-81 (7), (10), and (11) and required to file qualifying statements quadrennially with the assessors. Denial of

exemption by the assessors is appealable to the board of tax review and from there to the court. Section 12-119 permits the adjudication of a claim for tax exemption by direct proceedings in court after evaluation for tax purposes by the assessors. One might call that the express route from the assessors to court without an intermediate stop at the board of tax review. Lastly, the court may be reached by general appeal from the action of the board of tax review within § 12-118 after a prior appeal from the doings of the assessors under § 12-111. Resort to § 12-119 to establish tax exemption judicially "usually, if not invariably, furnishes a remedy alternative to an appeal from the board of tax review under § 12-118." *E. Ingraham Co.* v. *Bristol,* 146 Conn. 403, 408.

The plaintiff did not seek a tax exemption under § 12-81 because of its obvious exclusion from the listed classifications of tax exempt organizations. Not being a Connecticut educational corporation or college, the plaintiff does not fall within the qualifications stipulated for tax exemption of educational institutions. For that reason, § 12-89 was not available to it for these proceedings. The remaining alternatives, §§ 12-118 and 12-119, were initially open to the plaintiff for presenting to this court its claim for tax exemption. The option was that of the plaintiff, and it was obliged to follow the statutory procedures prescribed for the course chosen.

In the case now before the court, the plaintiff in its brief maintains that an application for relief under § 12-119 from a wrongful assessment may be joined in the same action with a valuation appeal under § 12-118. That issue, as outlined by the plaintiff and raised by the first ground of the demurrer, is, however, not presented by the pleadings before the court. Notwithstanding the plaintiff's introduction to its complaint addressed to the court, stating

that in conjunction with its appeal from the board of tax review it was "applying for relief against a wrongful assessment of its property for taxation," thereby describing an action purportedly instituted under § 12-119; see Practice Book Form 776; equity always looks to the substance and not to mere form. *Connecticut National Bank* v. *Chapman,* 153 Conn. 393, 397. The allegations of the first count and the relief prayed for in the complaint are not within the perimeter of an action brought pursuant to § 12-119. They are, contradistinctively, expressed in the terms of an appeal under § 12-118. See Practice Book Form 775. The procedural requirements of an appeal to and from the board of tax review are alleged to have been observed in their entirety. The court cannot disregard the allegations of that count and must, therefore, treat the first count for what it is, namely, an appeal under § 12-118.

The defendant maintains that § 12-89 governs this appeal. The plaintiff argues to the contrary, claiming that it is not seeking an exemption under § 12-81 (7) or (8), which are expressly limited to Connecticut educational corporations and designated institutions, respectively, but, rather, under its constitutional right to equal protection of the law within the holding of the United States Supreme Court in *WHYY* v. *Glassboro,* 393 U.S. 117. The plaintiff does not qualify for tax exemption under § 12-81 (7) because of its foreign incorporation. Likewise, § 12-81 (8) is not available to it, for it is not listed among the tax exempt Connecticut institutions of higher learning named therein. Since § 12-89 by its terms is restricted to appeals from the denial of claims for tax exemption filed under § 12-81, it does not apply here.

"Organizations, such as the plaintiff, not specifically mentioned in § 12-89 may, if they are

aggrieved, appeal from the action of the board of assessors to the board of tax review as provided in §§ 12-111 and 12-112. Section 12-118 provides that any person claiming to be aggrieved by the action of the board of tax review may appeal to the Court of Common Pleas. This is the general appeal statute for chapter 203 of the General Statutes, and the instant appeal is governed by its provisions. The claim of the defendant that this statute is not applicable to appeals from the action of an assessor in denying a tax exemption is without merit." *Hartford Hospital* v. *Board of Tax Review,* 158 Conn. 138, 147. "An appeal from a decision of a board of tax review invokes the equitable powers of the court and is governed by General Statutes § 12-118. That section provides that '[t]he court shall have power to grant such relief as to justice and equity appertains.'" *Hutensky* v. *Avon,* 163 Conn. 433, 436.

Having reached the conclusion that the first count, like the remaining four, is an appeal under § 12-118, the court will now consider the prime question of misjoinder raised by the first ground of the demurrer. The sole remedy for misjoinder of causes of action is by demurrer. Practice Book § 110; *Crowell* v. *Palmer,* 134 Conn. 502, 513.

General Statutes § 52-97 and Practice Book § 86, adopted pursuant to such statutory authority, enumerating the legal and equitable causes of action that may be joined "[i]n any civil action" are by their terms inapplicable and inappropriate in determining that question. Furthermore, an appeal to the court from a board of tax review under § 12-118 is not a "civil action." It is, rather, a special statutory proceeding. *Bank Building & Equipment Corporation* v. *Architectural Examining Board,* 153 Conn. 121, 124; *New Haven* v. *New Haven Water Co.,* 132 Conn. 496, 515; *Bara* v. *Per-*

*sonnel Appeal Board,* 30 Conn. Sup. 333, 334. In such statutory appeals, additional proceedings not involved in the determination of the appeals will, however, result in a misjoinder. *Willard* v. *West Hartford,* 135 Conn. 303, 305; *New Haven* v. *New Haven Water Co.,* supra, 516; *Munson* v. *Mac-Donald,* 113 Conn. 651, 660; *Bara* v. *Personnel Appeal Board,* supra.

An appeal to the court under § 12-118 is taken from "the action of the board of tax review." The scope of such appeal extends by statutory allowance to all claims of aggrievement. The right of appeal on aggrievement creates a cause of action within the rules of pleading. See Practice Book § 85. " 'A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.' " *Veits* v. *Hartford,* 134 Conn. 428, 432, quoting from *Pavelka* v. *St. Albert Society,* 82 Conn. 146, 147.

The separation of two or more causes of action in a common appeal is controlled by Practice Book § 88. That rule provides that "[w]here separate and distinct causes of action, as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction, are joined, the statement of the second shall be prefaced by the words *Second Count,* and so on for the others." It does not require separate counts in all cases where the plaintiff declares on several causes of action but only when those are separate and distinct from each other. Separate and distinct causes of action, within the meaning of that rule, must be such as are both separable from each other and separable by some distinct line of demarcation. *Veits* v. *Hartford,* supra, 438, citing *Craft Refrig-*

*erating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551, 563. "We have uniformly approved the use of a single count to set forth the basis of a plaintiff's claims for relief where they grow out of a single occurrence or transaction or closely related occurrences or transactions, and it does not matter that the claims for relief do not have the same legal basis. It is only when the causes of action, that is, the groups of facts upon which the plaintiff bases his claims for relief, are separate and distinct that separate counts are necessary or indeed ordinarily desirable. *Purdy* v. *Watts,* 91 Conn. 214, 216 . . . ." *Veits* v. *Hartford,* supra, 438.

In summary, the five counts of the plaintiff's appeal from the board of tax review are brought under § 12-118 and are not misjoined. They arose out of a single occurrence, the action of the board of tax review in the valuation of the plaintiff's properties for taxation and concomitantly in the denial of their exemption status. Under the rule of *Veits,* more appropriately they should have been expressed in a single count, even though the respective claims of overvaluation and tax exemption do not share the same legal basis.

The plaintiff may claim alternative relief, based upon an alternative construction of its cause of action. Practice Book § 87. As an alternative to the denial of its claim for tax exemption, the plaintiff may seek a reduction in the valuation and assessment for tax purposes of its properties, and that may be done in a single count of a single appeal under § 12-118. In any event, property, even if tax-exempt, must still be valued, assessed, and thereafter listed "in such manner as to be separate from the valuation of property not exempted from taxation." General Statutes § 12-109. Consequently,

the issues of tax exemption and valuation as required by § 12-109 are not mutually exclusive or contradictory.

The second ground of the demurrer alleges that "[t]he First Count of the complaint fails to state a cause of action in that there is no allegation in the said count that the plaintiff filed with the assessor of the · defendant town a statement of claim of exemption as required by Sec. 12-81 (7)." That section exempts property of Connecticut corporations organized for educational or other specified nonprofit purposes, provided prescribed statements are filed quadrennially with the local assessors. The plaintiff has not alleged such filing. By the provisions of that section, the plaintiff is admittedly not entitled to exemption because of its foreign incorporation; therefore, any statement of claim filed with the assessors under it would be a nullity. The plaintiff does not seek exemption under that law. It complains, instead, that it is not given the constitutionally mandated equal protection of that law, which is therefore unlawful and unconstitutional as applied to it. Until its entitlement as an educational institution to the same tax exemption as that given a Connecticut corporation by that section is legally or judicially established, the proviso therein for filing quadrennial statements to be reviewed under § 12-89 is not applicable to the constitutional claim in this appeal.

The final reason for the demurrer also attacks the sufficiency of the first count, this time for failure to allege "that the property claimed to be exempt consisted of funds or estate which was granted, provided by the state, or given by any person or persons to the plaintiff." The defendant makes obvious, but inappropriate, reference to § 12-81 (8), which exempts from taxation: "The funds and estate which have been or may be granted, provided

by the state, or given by any person or persons to the Trustees of the Berkeley Divinity School, the board of trustees of Connecticut College for Women, the Hartford Seminary Foundation, Sheffield Scientific School, Trinity College, Wesleyan University or The President and Fellows of Yale College in New Haven, and by them respectively invested and held for the use of such institutions, with the income thereof; provided none of said corporations shall hold in this state real estate free from taxation affording an annual income of more than six thousand dollars. . . . No other provision of this section concerning exemption of property used for educational purposes shall be construed to affect any provision of this subdivision." That exemption, unlike § 12-81 (7), is not of general application to educational institutions but serves a special and limited purpose.

Section 12-81 (8) was originally "passed in 1882 (Public Acts, Chap. 98) to exclude the charters of the colleges which were claimed to be in the nature of contracts, from the operation of Acts affecting taxation." *Yale University* v. *New Haven,* 71 Conn. 316, 335. The *Yale* case illustrates the purpose and scope of that special exemption. The New Haven assessors there added certain buildings used for dormitories and a dining hall, with the land on which they stood, to the school's taxable list, claiming that that real estate constituted profitable income-producing investments. The university first appealed to the board of relief, which confirmed the action of the assessors, and thereafter to the court.

On reservation, the Supreme Court ruled the property exempt. First, the court found that the buildings were exclusively occupied as a college within the general exemption statute. Second, the 1834 amendment to the charter of Yale College;

I & II Private Laws 481; enacted for the benefit of Yale alone the provisions repeated and extended to other chartered colleges by Public Acts 1882, chapter 98, and now contained in § 12-81 (8). The main purpose of the charter amendment was to exempt all estate and funds invested and held lawfully for the use of the college, including both principal and income, subject to the $6000 annual real estate income limitation continued to date by § 12-81 (8). The court interpreted (p. 336), the charter change and what is now § 12-81 (8) in these words of import today: "The Act of 1834 plainly exempts all the property of the College from taxation; and the *proviso* qualifies this exemption only for the purpose of imposing a limited restraint on the mode of investment. . . . In this way the State sought to exempt all the funds of the College from taxation, and through the potent operation of self-interest to keep the investment of those funds in real estate within reasonable bounds."

In confirming the exemption of the dormitories and dining hall, the court ruled the proviso inapplicable, stating (p. 337) that "students' fees, whether apportioned to room rent or tuition, cannot be treated as income of real estate, and that land occupied and reasonably necessary for the plant of the College is not productive real estate within the meaning of the *proviso* in the Act of 1834."

The plaintiff does not seek exemption under § 12-81 (8). It asserts on the federal and state constitutional grounds of equal protection of the law that that provision is unlawful and unconstitutional as applied to it. Only on the successful resolution of that claim will the extent and limitation of any tax exemption available to the plaintiff become relevant.

For the reasons stated, the demurrer of the defendant is overruled.