[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS
These seven actions arise upon applications pursuant to G.S.12-119 for relief of taxes assessed against the petitioners' properties by the respective Towns of Farmington and Canton on the List of October 1, 1989. The defendant Towns have moved to dismiss in each case in that the plaintiffs have failed to meet the procedural requirements of G.S. 12-119 by making payment of the contested tax, depriving therefore the court of subject matter jurisdiction. The attorney who represents the plaintiffs in all seven matters and the attorney who represents the defendants in all seven matters have agreed that the issue raised in all seven matters is the same and the decision should be the same and therefore request this court to hear the motions to dismiss in each of said files at the same time.
Although the application alleges that the tax has not been paid, the parties stipulate that the first installment in three (3) of the matters has been paid, in two others 90% of the first installment has been paid and the other two 75% of the first installment has been paid. It is also stipulated that the payments made were made before August 6, 1990, the date of the commencement of these actions.
The issue before the court on these motions is whether the payments made preclude the taxpayers from the remedy provided by G.S. 12-119.
The pertinent portion of the statute reads as follows: "When it is claimed that . . . a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . prior to the payment of such tax, may . . . make application for relief to the superior court . . . ." The parties disagree as to the interpretation of the underlined phrase. The plaintiffs claim such application may be brought prior to full payment of the tax while the defendants claim that any payment prior to such application precludes the tax payer from the use of this remedy. It is not necessary, however, to decide that question now since the issue is not jurisdictional.
G.S. 12-112 provides another remedy to G.S. 12-118, the appeal CT Page 3285 statute, declaring existing or equitable rights against an illegal tax whether it be (1) on property exempt from the tax; or (2) the tax is manifestly excessive. E. Ingraham Co. v. Bristol, 146 Conn. 403,408. That the right and remedy once existed at common law determines that the limitation in G.S. 12-119 is procedural and personal rather than substantive or jurisdictional and is subject to waiver. L. C. DeFence Son, Inc. v. Wethersfield, 167 Conn. 509,513. "No statute is to be construed as altering the common law farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." Yale University School of Medicine v. Collier, 206 Conn. 31,37. Common law recognized the remedy that the tax could be paid and an action brought to recover money illegally recovered and retained. Connecticut Light Power C. v. Oxford, 101 Conn. 383,391. Where the limitation is deemed procedural and personal it is subject to being waived unless it is specifically pleaded because the limitation is considered merely to act as a bar to a remedy otherwise available. Ecker v. West Hartford, 205 Conn. 219,232.
For the above reasons the motions to dismiss are denied.
Corrigan, J.