TIMBER TRAILS ASSOCIATES *v.* TOWN OF
NEW FAIRFIELD
(14719)

TIMBER TRAILS ASSOCIATES *v.* TOWN OF
SHERMAN
(14723)

BORDEN, BERDON, NORCOTT, KATZ and PALMER, Js.

Argued May 6—decision released July 13, 1993

*Michael N. LaVelle,* for the appellants (defendants).

*Henry W. Pascarella,* with whom, on the brief, was *Barry C. Hawkins,* for the appellee (plaintiff).

PALMER, J. This appeal requires us to decide whether municipal tax assessors may declassify property as forest land upon the transfer of the property, pursuant to a corporate dissolution, from a corporation to its sole shareholder without consideration.[1] The trial court concluded that the distribution of assets from the dissolved corporation did not authorize declassification of the property and sustained the plaintiff's tax appeals. We affirm the judgment of the trial court.

The parties do not dispute the underlying facts relevant to this appeal. The plaintiff, Timber Trails Associates, is the owner of 281 acres in the town of New Fairfield, and 673.2 acres in the town of Sherman. In the early 1970s, upon application by Timber Trails Corporation (corporation), the plaintiff's predecessor in title, the state forester had classified these two abutting parcels as forest land pursuant to General Statutes § 12-107d.[2] In 1988, the corporation was dissolved

---

[1] The defendants each appealed to the Appellate Court and the town of New Fairfield subsequently moved that the appeals be consolidated. The Appellate Court granted the motion and we transferred the appeals to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[2] General Statutes § 12-107d provides in relevant part: "(a) An owner of land may file a written application with the state forester for its designation by the state forester as forest land. When such application has been made, the state forester shall examine such application and, if he determines that it is forest land, he shall issue a triplicate certificate designating it as such, and file one copy of such certificate in his office, furnish one

and transferred all of its assets, including the forest land, to the plaintiff, the only stockholder of the corporation. The real estate conveyance statements provided that no consideration had been received for the deeds,[3] and neither town clerk collected a conveyance tax.

The state forester, upon notification of the change of the owner of record of the property, issued to the plaintiff a certificate that continued the designation of the parcels as forest land.[4] Because the state forester had continued the property's designation as forest land, the plaintiff did not apply for classification of the parcels as forest land on the assessment lists of the defend-

to the owner of the land and file one in the office of the assessor of the municipality in which the land is located.

"(b) When the state forester finds that it is no longer forest land, he shall issue a triplicate certificate cancelling his designation of such land as forest land, and file one copy of such certificate in his office, furnish one to the owner of the land and file one in the office of such assessor.

"(c) An owner of land designated as forest land by the state forester may apply for its classification as forest land on any assessment list of a municipality by filing a written application for such classification with the assessor of such municipality not earlier than thirty days before nor later than thirty days after the date of such assessment list and, if the state forester has not cancelled his designation of such land as forest land as of a date at or prior to the date of such assessment list, such assessor shall classify such land as forest land and include it as such on such assessment list, provided in a year in which a revaluation of all real property in accordance with section 12-62 becomes effective such application may be filed not later than ninety days after the assessment date in such year. . . .

"(g) An owner of land aggrieved by the denial of any application to the assessor of a municipality for classification of land as forest land shall have the same rights and remedies for appeal and relief as are provided in the general statutes for taxpayers claiming to be aggrieved by the doings of assessors or boards of tax review."

[3] The warranty deeds, filed in the town clerks' offices in New Fairfield and Sherman, recited nominal consideration.

[4] The defendants concede that the use of the land has not changed since it was originally classified as forest land and that the property remains undeveloped.

ants. The defendants maintained that the transfer of the land from the corporation to the plaintiff had terminated the classification of the property as forest land under General Statutes § 12-504h.[5] The assessors subsequently declassified the parcels and changed the basis of the property's assessment from current use value to fair market value pursuant to General Statutes § 12-63.[6] The New Fairfield and Sherman parcels had been assessed as forest land with current use values of $19,495 and $67,320, respectively, and were reassessed after the declassification at $606,140 and $1,975,700, respectively. As a result, the property tax levied on the New Fairfield parcel increased from $791.50 to $24,609.28, and the property tax on the Sherman parcel increased from $807.84 to $23,710. The plaintiff appealed the assessments of the land to the Superior Court pursuant to General Statutes § 12-119.[7]

[5] General Statutes § 12-504h provides in relevant part: "TERMINATION OF CLASSIFICATION AS FARM, FOREST OR OPEN SPACE LAND. Any land which has been classified by the record owner as . . . forest land pursuant to section 12-107d . . . shall remain so classified without the filing of any new application subsequent to such classification, notwithstanding the provisions of . . . [section] 12-107d . . . until either of the following shall occur: (1) The use of such land is changed to a use other than that described in the application for the existing classification by said record owner, or (2) such land is sold by said record owner."

[6] General Statutes § 12-63 provides in relevant part: "RULE OF VALUATION. The present true and actual value of land classified . . . as forest land pursuant to section 12-107d . . . shall be based upon its current use without regard to neighborhood land use of a more intensive nature . . . . The present true and actual value of all other property shall be deemed by all assessors and boards of tax review to be the fair market value thereof and not its value at a forced or auction sale."

[7] General Statutes § 12-119 provides in relevant part: "When it is claimed that a tax . . . laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. . . . In all such actions, the superior court shall have power to grant such relief upon such terms

The court sustained both appeals, concluding that the land had remained classified as forest land for assessment purposes because the assessors lacked the authority to declassify it. In this court the defendants claim that: (1) the trial court improperly concluded that the plaintiff could appeal directly to it without first appealing to the defendants' boards of tax review; and (2) § 12-504h did not permit the defendants to declassify the property as forest land upon its transfer without consideration pursuant to the corporate dissolution.

I

The defendants contend initially that the plaintiff was required to appeal the assessors' decisions on the declassification of the forest land to the boards of tax review pursuant to General Statutes § 12-111 before appealing to the Superior Court pursuant to Public Acts 1991, No. 91-221, § 4 (P.A. 91-221).[8] We disagree.

and in such manner and form as to justice and equity appertains, and costs may be taxed at the discretion of the court. If such assessment is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of said court."

[8] General Statutes § 12-111 provides in relevant part: "[A]ny person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to such board of tax review, which shall determine all such appeals . . . ."

In 1989, the legislature passed legislation to create a state appeals board for property tax review and amended General Statutes § 12-118 to apply to appeals from that board. The state tax review board, however, has yet to be established, and the legislature has continued the original provisions of § 12-118 by public act. The present tax appeal is governed by the provisions of Public Acts 1991, No. 91-221, § 4, as it amends Public Acts 1989, No. 89-231, § 4, and Public Acts 1990, No. 90-266, § 4. Those acts were codified in 1993 as General Statutes § 12-117a. In this opinion we refer to Public Acts 1991, No. 91-221, § 4.

Section 4 of Public Acts 1991, No. 91-221, provides in relevant part: "[A]ny person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing . . . October 1, 1990 . . . may . . . make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated . . . . The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable . . . ."

General Statutes § 12-107d (g) provides that "[a]n owner of land aggrieved by the denial of any application to the assessor of a municipality for classification of land as forest land shall have the same rights and remedies for appeal and relief as are provided in the general statutes for taxpayers claiming to be aggrieved by the doings of assessors or boards of tax review." Section 12-111 authorizes "any person . . . claiming to be aggrieved by the doings of the assessors" to appeal to the board of tax review; see *Marshall* v. *Newington,* 156 Conn. 107, 114, 239 A.2d 478 (1968); and, at the time in question, P.A. 91-221, § 4 (now codified at General Statutes § 12-117a), authorized an appeal to the Superior Court "by any person claiming to be aggrieved by an action of the board of tax review." *Marshall* v. *Newington,* supra; see also *Northeast Datacom, Inc.* v. *Wallingford,* 212 Conn. 639, 649–50, 563 A.2d 688 (1989). The defendants argue that because the plaintiff was aggrieved by the assessors' recalculation of the property taxes on the basis of fair market value, the plaintiff's remedy was an appeal to each defendant's board of tax review pursuant to § 12-111. The defendants contend that because the plaintiff could appeal to the Superior Court pursuant to P.A. 91-221, § 4, only upon an adverse decision by a board of tax review, the trial court did not have jurisdiction to entertain the plaintiff's direct appeal from the actions of the town assessors.

Neither § 12-111 nor P.A. 91-221, § 4, proscribes, however, an appeal to the Superior Court pursuant to § 12-119 in a proper case. Section 12-119 expressly provides that an owner may appeal to the Superior Court "a tax laid on property . . . computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property . . . ." See also *Second Stone Ridge Cooperative Corporation*

v. *Bridgeport*, 220 Conn. 335, 341–42, 597 A.2d 326 (1991), and cases cited therein. The plaintiff claims that the defendants disregarded the statutory provisions entitling the plaintiff to the continued designation of the parcels as forest land, and that, therefore, the defendants' calculation of the property taxes on the basis of fair market value rather than current use value was improper. The assessors' alleged improper valuations resulted in a tax assessment by each defendant that is approximately thirty times greater than the plaintiff had been required to pay prior to the declassification of the property. Because the plaintiff has claimed that the assessments were both "manifestly excessive" and "arrived at . . . by disregarding the provisions of the statutes for determining the valuation of such property," the plaintiff's appeals directly to the Superior Court pursuant to § 12-119 were proper.[9]

## II

### A

The defendants next argue that the trial court improperly concluded that General Statutes § 12-504h did not permit them to declassify forest land that had been transferred without consideration pursuant to a corporate dissolution. This claim is not supported, however, by the plain language of § 12-504h, which pro-

[9] We recognize, of course, that General Statutes § 12-119 generally is not a substitute for a timely appeal to a board of tax review pursuant to P.A. 91-221, § 4 (now codified at General Statutes § 12-117a), when a property owner seeks to contest an assessor's alleged overvaluation. See *Northeast Datacom, Inc.* v. *Wallingford,* 212 Conn. 639, 649–50, 563 A.2d 688 (1989); *E. Ingraham Co.* v. *Bristol,* 146 Conn. 403, 408–409, 151 A.2d 700 (1959), cert. denied, 361 U.S. 929, 80 S. Ct. 367, 4 L. Ed. 2d 352 (1960). Indeed, "§ 12-119 requires an allegation that something more than mere valuation is at issue." *Second Stone Ridge Cooperative Corporation* v. *Bridgeport,* 220 Conn. 335, 340, 597 A.2d 326 (1991); see also *Connecticut Coke Co.* v. *New Haven,* 169 Conn. 663, 674–75, 364 A.2d 178 (1975).

vides that once property has been classified as forest land pursuant to § 12-107d, it "shall remain so classified without the filing of any new application subsequent to such classification . . . until either of the following shall occur: (1) The use of such land is changed to a use other than that described in the application for the existing classification by [the] record owner, or (2) such land is sold by [the] record owner." The property could not have been reclassified pursuant to § 12-504h (1), because it is undisputed that the use of the land has not changed. Nor would reclassification of the property have been permitted under § 12-504h (2), because the land was not "sold" by the corporation to the plaintiff. In this context, "sold" means more than "conveyed." A "sale" of property is a "transfer of the absolute title therein *for a price.*" (Emphasis added.) *Guilford-Chester Water Co.* v. *Guilford,* 107 Conn. 519, 527, 141 A. 880 (1928). On the other hand, to "convey" real estate means simply "to transfer the legal title to it from the present owner to another [by an appropriate instrument]." *Abendroth* v. *Greenwich,* 29 Conn. 356, 365 (1860). Because the corporation transferred the forest land to the plaintiff for no consideration, the trial court properly concluded that the property had not been "sold by [the] record owner" as required by § 12-504h (2).

The defendants contend also that General Statutes §§ 12-504a, 12-504b and 12-504c allow termination of the forest land classification on other grounds. We are not persuaded.

Section 12-504a (b)[10] provides for a conveyance tax on any land classified as forest land that is sold within

---

[10] General Statutes § 12-504a (b) provides in relevant part: "Any land which has been classified by the record owner . . . as forest land pursuant to section 12-107d, if sold by him within a period of ten years from the time he acquired title to such land or from the time he first caused such land to be so classified, whichever is earlier, shall be subject to a conveyance tax applicable to the total sales price of such land . . . ."

ten years of classification or acquisition, and the recording of the deed and payment of the conveyance tax triggers the automatic declassification of the land pursuant to § 12-504b. The defendants conceded, however, that § 12-504a (b) does not apply to a conveyance after the ten year recapture period expires. The trial court properly concluded, therefore, that, because the land had been classified as forest land for more than ten years prior to the dissolution of the corporation, § 12-504a (b) is inapposite in these circumstances. Section 12-504b[11] requires the payment of the conveyance tax prior to the recording of the deed for the sale of forest land. Because the transfer in the present case, however, was not subject to the conveyance tax, § 12-504b does not apply.

Section 12-504c[12] identifies exemptions to the conveyance tax required by § 12-504a. The defendants

[11] General Statutes § 12-504b provides in relevant part: "Said conveyance tax shall be due and payable by the particular grantor who caused such classification to be made to the town clerk of the town in which the property is entered upon the tax list at the time of the recording of his deed or other instrument of conveyance. . . . No deed or other instrument of conveyance which is subject to tax under sections 12-504a to 12-504f, inclusive, shall be recorded by any town clerk unless the tax imposed by said sections has been paid. Upon the recording of such deed and the payment of the required conveyance tax such land shall be automatically declassified and the assessor shall forthwith record with the town clerk a certificate setting forth that such land has been declassified. Thereafter, such land shall be assessed at its fair market value as determined by the assessor under the provisions of section 12-63 for all other property, until such time as a record owner may reclassify such land."

[12] General Statutes § 12-504c provides in relevant part: "EXCEPTED TRANSFERS. The provisions of section 12-504a shall not be applicable to the following: (a) Transfers of land resulting from eminent domain proceedings; (b) mortgage deeds; (c) deeds to or by the United States of America, state of Connecticut or any political subdivision or agency thereof; (d) strawman deeds and deeds which correct, modify, supplement or confirm a deed previously recorded; (e) deeds between husband and wife and parent and child when no consideration is received, except that a subsequent nonexempt transfer by the grantee in such cases shall be subject to the provisions of section 12-504a as it would be if the grantor were making such

argue that the transfer of real property for no consideration in connection with a corporate dissolution is not one of the several exemptions specified in the statute and that the assessors, therefore, could properly have declassified the parcels. Because no conveyance tax was due pursuant to § 12-504a, however, the issue of exemptions under § 12-504c is irrelevant to our analysis. We conclude, therefore, that the trial court properly determined that § 12-504h rather than §§ 12-504a, 12-504b or 12-504c applied in these circumstances.

B

The defendants' final contention is that the transfers of the property from the corporation to the plaintiff automatically terminated the property's forest land classification pursuant to § 12-504f, which provides that a classification of property as forest land "shall be

nonexempt transfer; (f) tax deeds; (g) deeds releasing any property which is a security for a debt or other obligation; (h) deeds of partition; (i) deeds made pursuant to a merger of a corporation; (j) deeds made by a subsidiary corporation to its parent corporation for no consideration other than the cancellation or surrender of the capital stock of such subsidiary; (k) property transferred as a result of death by devise or otherwise and in such transfer the date of acquisition or classification of the land for purposes of sections 12-504a to 12-504f, inclusive, whichever is earlier, shall be the date of acquisition or classification by the decedent; (l) deeds to any corporation, trust or other entity, of land to be held in perpetuity for educational, scientific, aesthetic or other equivalent passive uses, provided such corporation, trust or other entity has received a determination from the internal revenue service that contributions to it are deductible under applicable sections of the internal revenue code; and (m) land subject to a covenant specifically set forth in the deed transferring title to such land, which covenant is enforceable by the town in which such land is located, to refrain from selling or developing such land in a manner inconsistent with its classification as . . . forest land pursuant to section 12-107d . . . for a period of not less than eight years from the date of transfer, if such covenant is violated the conveyance tax set forth in this chapter shall be applicable at the rate which would have been applicable at the date the deed containing the covenant was delivered and, in addition, the town or any taxpayer therein may commence an action to enforce such covenant. If such action is taken by such a taxpayer, the town shall be served as a necessary party."

deemed personal to the particular owner who requests such classification and shall not run with the land."[13] The defendants argue that the claimed termination of the classification of property as forest land required the plaintiff to file a new application with the defendants for assessment purposes pursuant to § 12-107d. Section 12-504f, however, concerns the issuance and recording of certificates identifying property as forest land for the purpose of the "obligation to pay the conveyance tax imposed by this chapter." In light of our conclusion that no conveyance tax was due pursuant to § 12-504a (b), § 12-504f is inapposite.

The construction of § 12-504f urged by the defendants, moreover, conflicts with the plain language of § 12-504h, which provides that land classified as forest land remains so classified "without the filing of any new application subsequent to such classification" until either the use of the land is changed or the land is sold. Neither condition had occurred and the state forester had continued the designation of the property as forest land after the transfer of the property to the plaintiff. In these circumstances, the assessors were required to continue the classification of the property as forest land for assessment purposes pursuant to § 12-107d (c).

Accordingly, we conclude that the state forester properly continued the property's forest land designation

---

[13] General Statutes § 12-504f provides in relevant part: "CLASSIFICATION OF LAND CLASSIFIED AS . . . FOREST . . . PERSONAL TO OWNER. CERTIFICATE OF CLASSIFICATION. The tax assessor shall file annually, not later than sixty days after the assessment date, with the town clerk a certificate for any land which has been classified . . . as forest land pursuant to section 12-107d . . . which certificate shall set forth the date of the initial classification and the obligation to pay the conveyance tax imposed by this chapter. Said certificate shall be recorded in the land records of such town. Any such classification of land shall be deemed personal to the particular owner who requests such classification and shall not run with the land."

pursuant to the unambiguous direction of § 12-504h and that the defendants were without authority to declassify it. Because the reassessments of the property based upon the improper declassifications were manifestly excessive, the trial court properly sustained the plaintiff's appeals pursuant to § 12-119.

The judgment is affirmed.

In this opinion the other justices concurred.