[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR RELIEF AGAINST EXCESSIVETAX VALUATION
This application for relief against excessive tax valuation is predicated on C.G.S. § 12-119. Plaintiffs claim that the tax laid on the property, known as 301 Boston Post Road in the Town of Madison, which property is more particularly described in Schedule A attached to the complaint and made a part hereof, was computed on an assessment which under all the circumstances was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property.
Such property has been classified as forest land. One of the plaintiffs transferred subject property for no consideration to a revocable trust for which he is grantor, one of the trustees and the beneficiary. The Assessor then assessed subject property at its fair market value resulting in a gross assessment of it from $1,920 to $86,740 and a tax increase from $41.36 to $1,908.29.
It is plaintiffs' claim that the assessor had no authority to terminate the classification of subject property "as farm, forest or open space land" under C.G.S. § 12-504h because neither of the following had occurred, i.e., (1) a change to use other than bat described in the application for the existing classification by said record owner, or (2) such land (was) sold by said record owner.
There is no evidence on which to predicate a finding of fact that the conditions enumerated in § 12-504h, (1) or (2) apply to this case. CT Page 26
This decision relies on Timber Trails Associates v. NewFairfield, 226 Conn. 407, pages 413-14, Part 11, A, (1993), because it is undisputed that the use of the land had not changed and the land was not sold by the record owner since there is no evidence of a transfer of the absolute title therein for a price.
Since there has been no evidence of a change of use or sale of such land there can be no "obligation to pay the conveyance tax imposed" by Chapter 224, title 12 C.G.S. and the classifications (§§ 12-107c, 12-107d, or 12-107e) recorded in the land records of Madison remains with the particular owner who requested such classification. C.G.S. § 12-504b.
Paragraphs 1, 2 and 3 of plaintiffs' prayer for relief are granted.
John N. Reynolds, State Trial Referee