[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a civil action by a taxpayer seeking relief from a 1996 property evaluation by the tax assessor of Prospect. The relief sought is an order that the evaluation be returned to one set by the Board of Tax Review (Board) in 1995 and an injunction barring a raised evaluation until a town-wide revaluation.
The defendants have filed a motion to strike, claiming the taxpayer's remedies are adequate at law under §§ 12-117a or12-119 of the General Statutes. CT Page 5123-XXXX
Here the property owner is attempting to claim that the tax assessor may not raise the evaluation of his property in a tax year following a decision of the board that reduced the same evaluation to a lesser figure. Section 12-119 of the General Statutes does not afford the taxpayer an opportunity to raise his claim that the prior years action by the board precludes such an increase in the absence of a change of circumstances. Such a claim concerning the evaluation of the property could not support a claim for relief under § 12-119. Second Stone RidgeCooperative Corp. v. Bridgeport, 220 Conn. 335, 339 (1991); E. Ingraham Co. v. Bristol, 146 Conn. 403, 408-409; Cohn v.Hartford, 130 Conn. 699, 703.
Nor does § 12-117a afford the taxpayer an opportunity to raise his claim that it is unnecessary for him to return again to the board in the following year. A condition precedent of invoking § 12-117a is such a subsequent application to the board.
Accordingly, the motion to strike the complaint is denied.
McDONALD, J.