[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
On March 22, 1996, the plaintiff, Stepney Pond Estates, Ltd., filed a one count complaint appealing a conveyance tax assessment of the defendant, Town of Monroe, pursuant to C.G.S. § 12-119. The plaintiff alleges that on February 22, 1996, the defendant wrongfully assessed and collected a conveyance tax against the plaintiff purportedly pursuant to § 12-504a(b) C.G.S.
The plaintiff further alleges that the tax was illegal, manifestly excessive and arrived at by disregarding the applicable provisions of the General Statutes claiming that the defendant improperly computed the holding period; that the 10 year holding period had passed prior to the sale of the premises; that the defendant used incorrect acquisition and classification dates to compute the taxes; and that the defendant disregarded CT Page 5115-X the provisions of General Statutes § 12-504c.
On April 18, 1996, the defendant filed a motion to dismiss the plaintiff's appeal claiming that the court lacks subject matter jurisdiction because the plaintiff did not appeal to the Monroe Board of Assessment Appeals as required by statute. The plaintiff filed a memorandum in opposition to the defendant's motion on April 26, 1996, and oral argument was thereafter heard by this court on July 15, 1996.
The defendant's contention is that General Statutes § 52-504d provides that a person aggrieved by the imposition of a tax under § 12-504a(b) must appeal that tax under §§ 12-111, et seq. and therefore, the court lacks subject matter jurisdiction of this appeal which has been improperly brought under § 12-119. The plaintiff argues that the allegations of the complaint may be properly determined under the provisions of C.G.S. § 12-119.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993).
"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . . Dismissal is required in such a situation because, if the appellant lacks standing to appeal the case, the court lacks jurisdiction to hear the appeal. . . . A jurisdictional defect may be brought to the attention of the court at any time, and, if the court lacks jurisdiction, it must dismiss the case either on the motion of a party or on its own CT Page 5115-Y motion." (Citations omitted, internal quotation marks omitted.)Office of Consumer Counsel v. Department of Public UtilityControl, 234 Conn. 624, 640, 662 A.2d 1251 (1995).
General Statutes § 12-119 provides in relevant part that "[w]hen it is claimed that a tax has been laid on a property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . may, in addition to the otherremedies provided by law, make application for relief to the superior court . . . ." (Emphasis added.)
The plaintiff alleges that his property was assessed, and the tax collected under General Statutes § 12-504a(b) which "provides for a conveyance tax on any land classified as forest land that is sold within ten years of classification or acquisition . . . however . . . § 12-504a(b) does not apply to a conveyance after the ten year recapture period expires" (Footnote omitted.) Timber Trails Associates v. New Fairfield,226 Conn. 407, 414-15, 627 A.2d 932 (1993). C.G.S. § 12-504d
provides that "[a]ny person aggrieved by the imposition of a tax under the provisions of sections 12-504a to 12-504f, inclusive, may appeal therefrom as provided in sections 12-111, 12-112 and12-118." Nevertheless, none of the sections "proscribes . . . an appeal to the Superior Court pursuant to § 12-119 in a proper case." Timber Trails Associates v. New Fairfield, supra,226 Conn. 412. "We recognize, of course, that General Statutes §12-119 generally is not a substitute for a timely appeal to a board of tax review . . . when a property owner seeks to contest an assessor's alleged overvaluation . . . Indeed, § 12-119
requires an allegation that something more than mere valuation is at issue" (Citations omitted; internal quotation marks omitted.) Id., 413 n. 9.
In the present case the plaintiff contends that the defendant did not properly compute the proper holding period of the property, or use the correct acquisition or classification dates. Additionally, the plaintiff alleges that the defendant disregarded the provision of General Statutes § 52-504c which provides for certain excepted transfers. Accordingly, the plaintiff's allegations put more than mere valuation in issue. Thus the plaintiff's direct appeal to this court pursuant to CT Page 5115-Z § 12-119 is proper and fits the reasoning expressed by the Supreme Court in Timber Trails Associates, supra, at 412-413.
"Where a decision as to whether the court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Clementv. Clement, 34 Conn. App. 641, 645, 643 A.2d 874 (1994).
The Motion to Dismiss is denied.
RONAN, J.