GRACE N' VESSELS OF CHRIST MINISTRIES, INC. *v.*
CITY OF DANBURY
(AC 17706)

Lavery, Schaller and Hennessy, Js.

Argued January 20—officially released June 22, 1999

*David L. Grogins*, with whom was *Monte E. Frank*, for the appellant (plaintiff).

*Peter N. Buzaid*, assistant corporation counsel, for the appellee (defendant).

*Opinion*

HENNESSY, J. The plaintiff, Grace N' Vessels of Christ Ministries, Inc. (Grace N' Vessels), appeals from the judgment of the trial court denying it a refund for taxes paid on real property and denying its claim for tax exempt status on a portion of its property. Specifically, Grace N' Vessels appeals from the denial of a refund for taxes paid by it to the city of Danbury (city), under protest, that had accrued prior to the acquisition of the property but had not yet become due and payable until after Grace N' Vessels had acquired the property. Grace N' Vessels claims that the trial court improperly determined that (1) a nonprofit charitable corporation that acquires real property used for charitable purposes,

which the city subsequently declared to be exempt from taxation, can be compelled to pay property taxes subsequent to the date of acquisition of the property, (2) it failed to meet the requirements of General Statutes § 12-88 and (3) the time limitation provided in General Statutes § 12-119 applies to its application for reimbursement for taxes paid under protest to the city for the last quarter of the 1992 grand list and the 1993 grand list. We affirm the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. Grace N' Vessels is a Connecticut nonprofit corporation. On or about April 8, 1994, Grace N' Vessels acquired lot C15010, located at 20 Briar Ridge Road, and lot C15015, located at 13 and 14 Briar Ridge Road in Danbury, from the Federal Deposit Insurance Corporation.

One week after acquiring the property, Grace N' Vessels applied for, and was granted as of the date of acquisition, a tax exemption for lot C15010. Grace N' Vessels was not granted an exemption for lot C15015, however, until October 1, 1996, at which time the two lots were merged.

On or about March 28, 1995, the city billed Grace N' Vessels for real property taxes, including interest and lien fees, for the October, 1992 grand list and a portion of the October, 1993 grand list. Thereafter, on or about May 1, 1995, in order to avoid foreclosure proceedings, Grace N' Vessels paid under protest the full amount of $26,611.03. After that payment, the city continued to place tax charges on lot C15015 for the 1993, 1994 and 1995 grand lists, resulting in an outstanding demand by the city of $21,229.

On August 3, 1995, Grace N' Vessels filed an application with the Superior Court, pursuant to General Stat-

utes §§ 12-81b[1] and 12-119[2] and Danbury Code § 18-20,[3] for reimbursement of the taxes it had already paid and for an exemption from taxation for lot C15015 for the period from the date of acquisition of the property, April 8, 1994, to October 1, 1996.[4] Thereafter, the city filed an amended answer in which it included the special defense that Grace N' Vessels' application for reim-

[1] General Statutes § 12-81b provides: "Any municipality may, by ordinance, provide that the property tax exemption authorized by any of subdivisions (7) to (16), inclusive, of section 12-81 shall be effective as of the date of acquisition of the property to which the exemption applies and shall, in such ordinance, provide procedure for reimbursement of the tax-exempt organization for any tax paid by it for a period subsequent to said date and for any tax paid by the prior owner for a period subsequent to said date for which such organization reimbursed such owner on the transfer of title to such property."

[2] General Statutes § 12-119 provides in relevant part: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set . . . the owner thereof . . . may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation and shall be served and returned in the same manner as is required in the case of a summons in a civil action, and the pendency of such application shall not suspend action upon the tax against the applicant. In all such actions, the Superior Court shall have power to grant such relief upon such terms and in such manner and form as to justice and equity appertains, and costs may be taxed at the discretion of the court. If such assessment is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of said court."

[3] Section 18-20 of the Danbury Code provides in relevant part: "The City of Danbury hereby adopts the provisions of Section 12-81b of the Connecticut General Statutes relating to the effective date of tax exemptions for certain organizations. Accordingly, the property tax exemption authorized by subsections (7) to (16), inclusive, of Section 12-81 of the Connecticut General Statutes shall be effective as of the date of acquisition of the property to which the exemption applies. The tax-exempt organization shall be reimbursed for any tax paid by it for a period subsequent to the date of such acquisition and shall also be reimbursed for any tax paid by the prior owner for a period subsequent to the date of such acquisition for which such tax-exempt organization reimbursed the prior owner upon the transfer of title to such property. . . ."

[4] October 1, 1996, is the date that the two lots were merged into one property and lot C15015 was removed from the tax lists.

bursement was filed beyond the one year statute of limitations provided for in § 12-119. On September 26, 1997, the trial court rendered judgment denying Grace N' Vessels' application. This appeal followed.

## I

While Grace N' Vessels raises three issues on appeal, we conclude that the issue raised as to whether the one year statute of limitations contained in § 12-119 applies is dispositive of the principal issue on appeal. Accordingly, we address that issue first. Section 12-119 provides in relevant part: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set . . . the owner thereof . . . prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made *within one year from the date as of which the property was last evaluated for purposes of taxation . . . .*" (Emphasis added.) See also *Wilson* v. *Kelley*, 224 Conn. 110, 617 A.2d 433 (1992). Here, Grace N' Vessels' application to the trial court challenged, inter alia, the October 1, 1992, and October 1, 1993 assessments for lot C15010. Because Grace N' Vessels filed the application on August 3, 1995, more than one year from either of those dates and, therefore, beyond the time limitation permitted in § 12-119, the trial court correctly determined that its claims with respect to lot C15010 are time barred.

## II

Grace N' Vessels' application also included a claim for an exemption from taxation, pursuant to General Statutes § 12-81 as codified in the Danbury Code § 18-20, as to lot C15015 for the 1992, 1993, 1994 and 1995

grand lists, due to the outstanding tax charges levied on the property. Because Grace N' Vessels did not file its application until August 8, 1995, we conclude, for the reasons previously stated, that the trial court properly found that its claim for exemption for lot C15015 with regard to the 1992 and 1993 grand lists is time barred.

The only remaining issue concerns Grace N' Vessels' claim challenging the assessments for October 1, 1994, and October 1, 1995, for lot C15015. Grace N' Vessels claims that the trial court improperly determined that it had failed to meet the requirements of § 12-88 and was, therefore, not entitled to a tax exemption for lot C15015. We are not persuaded.

Grace N' Vessels challenges the trial court's finding of fact that the property had not been used exclusively for religious or charitable purposes and, therefore, our standard of review is whether the findings are clearly erroneous. "Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly errone-ous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Wilson* v. *Hryniewicz*, 51 Conn. App. 627, 629–30, 724 A.2d 531, cert. denied, 248 Conn. 904, 731 A.2d 310 (1999).

General Statutes § 12-88 provides in relevant part: "Real property belonging to . . . any organization mentioned in subdivision (7), (10), (11), (13), (14), (15), (16) or (18) of section 12-81, which real property is so

held for one or more of the purposes stated in the applicable subdivision, and from which real property no rents, profits or income are derived, shall be exempt from taxation though not in actual use therefor by reason of the absence of suitable buildings and improvements thereon, *if the construction of such buildings or improvements is in progress. . . .* If a portion only of any lot or building belonging to, or held in trust for, any such organization is used exclusively for carrying out one or more of such purposes, such lot or building shall be so exempt only to the extent of the portion so used and the remaining portion shall be subject to taxation." (Emphasis added.)

At trial, evidence was presented that lot C15015 was an unimproved, wooded lot that contained no structures or buildings other than a volleyball court. Despite Grace N' Vessels' assertion that lot C15015 was used for religious purposes in that "prayer walks" were occasionally conducted on the property, there was sufficient testimony presented to demonstrate that the lot had no buildings or improvements, either completed or in progress, suitable for use for charitable purposes. The evidence presented thus supports the trial court's finding that the lot was not subject to exemption pursuant to § 12-88 because it contains neither any building or other improvement used for charitable purposes, nor such improvements in the process of being constructed. We will not, therefore, disturb the ruling of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.