INTERLUDE, INC. *v.* KATHERINE A. SKURAT, TAX COLLECTOR OF THE CITY OF DANBURY, ET AL.
(AC 17634)

Lavery, Schaller and Hennessy, Js.

Argued January 20—officially released July 27, 1999

*Monte E. Frank,* with whom were *David L. Grogins* and, on the brief, *Neil R. Marcus,* for the appellant (plaintiff).

*Peter N. Buzaid,* assistant corporation counsel, for the appellees (defendants).

*Opinion*

HENNESSY, J. The plaintiff, Interlude, Inc. (Interlude), appeals from the judgment of the trial court denying its request for a refund for taxes paid on real property. Specifically, Interlude appeals from the denial of a refund for taxes paid by it that had accrued prior to its acquisition of the property but had not yet become due and payable until after Interlude had acquired the property.[1] Interlude claims that the trial court improperly applied an exemption from taxation as allowed by General Statutes § 12-81b, as adopted by the Danbury Code § 18-20. We affirm the judgment of the trial court.

The following stipulated facts are relevant to the disposition of this appeal. Interlude is a Connecticut nonprofit corporation that provides community based, integrated transitional housing, support and rehabilitation services to individuals who suffer from severe psychiatric disabilities. On September 24, 1992, Interlude took title to four properties located at 25, 27, 29 and 31 Grand Street in the city of Danbury, and recorded its deed on October 5, 1992. Each of the four properties consists of three condominium units; all but four of the

---

[1] The trial court did, however, grant Interlude's request for a refund for taxes paid covering a twelve day period immediately subsequent to the acquisition of real property.

units are used by Interlude for its clients for charitable purposes.

At the time of Interlude's purchase of the property, the city exempted the property from taxation. The city notified Interlude of its exemption on July 2, 1993. The city thereafter billed Interlude for the remaining three quarters of the 1991 grand list and for five days of the 1992 grand list, which the city claims became due and payable on October 1, 1992, and January 1, April 1 and July 1, 1993.[2] Initially, Interlude did not pay these tax bills. On November 1, 1994, however, the city noticed a tax lien on the property. On January 15, 1995, Interlude paid to the city, under protest, the amount of $21,495.40 in taxes, interest and lien fees as well as an additional $2832.88 in attorney's fees to avoid a tax sale of the property. Interlude then demanded reimbursement of the moneys it had paid to the city under protest, which was denied by the city. Interlude thereafter filed suit, seeking a declaratory judgment as to the meaning of a nonprofit organization's exemption from taxation pursuant to General Statutes § 12-81b and Danbury Code § 18-20, and demanding reimbursement of all moneys it had paid to the city to avoid a tax sale. The defendants pleaded by way of a special defense that Interlude's claims were untimely and were not permitted under General Statutes §§ 12-89, 12-118 or 12-119. The trial court rendered judgment, granting Interlude a reimbursement "for any taxes it paid that accrued on or after [September 24, 1992, the date of acquisition]." The trial court did not, however, grant Interlude a reimbursement for any taxes it had paid that had accrued prior to its acquiring the property on September 24, 1992, which represents the bulk of taxes Interlude had paid under protest. This appeal followed.

---

[2] Interlude did not file an appeal with the board of tax review with regard to these bills.

The crux of Interlude's claim on appeal is that the trial court improperly construed and applied an exemption from taxation as allowed by General Statutes § 12-81b, as adopted by Danbury Code § 18-20. Because we agree with the city's alternate ground for affirmance, that is, that Interlude's action was barred by the statute of limitations provision of § 12-119, we need not address Interlude's claim. See *State* v. *Franko*, 199 Conn. 481, 485, 508 A.2d 22 (1986).

As noted earlier, this lawsuit was brought as a declaratory judgment action. An action for declaratory judgment must rest on some cause of action that would be cognizable in a nondeclaratory suit. *Wilson* v. *Kelley*, 224 Conn. 110, 116, 617 A.2d 443 (1992). Accordingly, to determine whether a declaratory judgment action is barred by a statute of limitations, we must examine the underlying claim or right on which the declaratory action is based. Id.

"We first note that the legislature has established two primary methods by which taxpayers may challenge a town's assessment or revaluation of their real property. First, any taxpayer claiming to be aggrieved by an action of an assessor may appeal, pursuant to General Statutes § 12-111, to the town's board of tax review. The taxpayer may then appeal, pursuant to General Statutes § 12-118, an adverse decision of the town's board of tax review to the Superior Court. The second method of challenging an assessment or revaluation is by way of § 12-119." *Wilson* v. *Kelley*, supra, 224 Conn. 117–18.

"[Section] 12-119 allows a taxpayer one year to bring a claim that the tax was imposed by a town that had no authority to tax the subject property, or that the assessment was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of [the real] property . . . ." (Internal quotation marks

omitted.) Id., 118. "The first category in the statute embraces situations where a tax has been laid on property not taxable in the municipality where it is situated . . . . *E. Ingraham Co.* v. *Bristol,* 146 Conn. 403, 408, 151 A.2d 700, cert. denied, 361 U.S. 929, 80 S. Ct. 367, 4 L. Ed. 2d 352 (1959)." (Internal quotation marks omitted.) *Wilson* v. *Kelley,* supra, 224 Conn. 119.

"We must [now] read the [plaintiff's] complaint requesting declaratory relief as predicated on the substantive rights recognized in § 12-119." Id., 120. Paragraph five of Interlude's amended complaint alleges that "[p]ursuant to General Statutes § 12-81 subdivision (7), the Properties have been and continue to be exempt from taxation, including real property taxes levied by the Defendants, by virtue of Interlude's ownership and [charitable] use of the Properties." This claim, therefore, invokes the first part of § 12-119, that is, that the city had no authority to tax the subject property. Because Interlude's declaratory judgment action was not an appeal from the board of tax review under § 12-118 and because it would not have been viable unless it rested on an underlying cause of action cognizable in nondeclaratory judgment form, it must be viewed as, in substance, a claim for relief under § 12-119. See *Wilson* v. *Kelley,* supra, 224 Conn. 120. Therefore, "because the . . . claim must be construed to be predicated on § 12-119, we apply the statute's one year limitation period to the [plaintiff's] declaratory judgment action . . . ." Id., 121–22.

Here, Interlude made application for relief to the Superior Court challenging the October 1, 1991 assessment for the property. Interlude filed the application, however, on March 7, 1995, well over one year from the October 1, 1991 assessment date and, therefore, beyond the time limit allowed by § 12-119. See *Grace N' Vessels of Christ Ministries, Inc.* v. *Danbury,* 53

Conn. App. 866, 733 A.2d 283 (1999). As a result, Interlude's action is barred as untimely, and the trial court's denial of its claim for reimbursement for taxes paid that accrued prior to its acquisition of the property is affirmed on this alternate ground.[3] "A contrary result could be reached only by ignoring the legislative preference in §§ 12-111, 12-118 and 12-119 for the prompt resolution of challenges to assessments, and the need for the stability of our towns' tax rolls. 'Public policy requires . . . that this court not permit [tax issues] to be the subject of perpetual litigation, at any time, to suit the convenience of the taxpayer.' *National CSS, Inc.* v. *Stamford*, 195 Conn. 587, 597–98, 489 A.2d 1034 (1985)." *Wilson* v. *Kelley*, supra, 224 Conn. 122.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] In *Wilson* v. *Kelley*, supra, 224 Conn. 123, our Supreme Court stated: "Section 12-119 has been held to be 'merely declaratory of existing legal and equitable rights.' *Norwich* v. *Lebanon*, [200 Conn. 697, 710, 513 A.2d 77 (1986)]; *Connecticut Light & Power Co.* v. *Oxford*, [101 Conn. 383, 391–92, 126 A. 1 (1924)]. We, therefore, read the limitation period contained in § 12-119 not as a jurisdictional prerequisite, but only as an ordinary statute of limitations." The *Wilson* court found, accordingly, that the plaintiffs' failure to bring the declaratory judgment action within the limitation period had not deprived the trial court of jurisdiction but merely barred the plaintiffs' declaratory judgment action as untimely.