INTERLUDE, INC. *v.* KATHERINE A. SKURAT,
TAX COLLECTOR OF THE CITY OF
DANBURY, ET AL.
(SC 16185)

Borden, Norcott, Katz, Palmer and Sullivan, Js.

Argued March 16—officially released July 4, 2000

*Monte E. Frank*, with whom, were *Jonathan S. Bowman* and, on the brief, *Neil R. Marcus* and *David L. Grogins*, for the appellant (plaintiff).

*Peter N. Buzaid*, assistant corporation counsel, for the appellees (defendants).

*Opinion*

NORCOTT, J. The sole issue in this certified appeal is whether the one year statute of limitations provided by General Statutes § 12-119[1] applies to a claim for

---

[1] General Statutes § 12-119 provides in relevant part: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation and shall be served and returned in the same manner as is required in the case of a summons in a civil action, and the pendency of such application shall not suspend action upon the tax against the applicant. In all such actions, the Superior Court shall have power to grant such relief upon such terms and in such manner and form as to justice and equity appertains, and costs may be taxed at the discretion of the court. If such assessment is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of said court."

reimbursement of property taxes paid by a charitable organization pursuant to General Statutes § 12-81b[2] and Danbury Code § 18-20.[3] The plaintiff, Interlude, Inc. (Interlude), appeals from the judgment of the Appellate Court, which in turn affirmed the judgment of the trial court denying Interlude's claim for a refund of taxes paid on certain real property owned by it. *Interlude, Inc.* v. *Skurat*, 54 Conn. App. 284, 285, 734 A.2d 1045 (1999). The Appellate Court affirmed the judgment of the trial court, *Mihalakos, J.,* on the ground alleged by the defendant city of Danbury (city)[4] that Interlude's action was barred by the statute of limitations provision of § 12-119. Id., 287. We granted Interlude's petition for certification to appeal limited to the following issue: "Whether the Appellate Court properly applied General Statutes § 12-119 to the present case?" *Interlude, Inc.* v. *Skurat*, 250 Conn. 927, 738 A.2d 657 (1999). Interlude claims that the Appellate Court improperly concluded

[2] General Statutes § 12-81b provides: "Any municipality may, by ordinance, provide that the property tax exemption authorized by any of subdivisions (7) to (16), inclusive, of section 12-81 shall be effective as of the date of acquisition of the property to which the exemption applies and shall, in such ordinance, provide procedure for reimbursement of the tax-exempt organization for any tax paid by it for a period subsequent to said date and for any tax paid by the prior owner for a period subsequent to said date for which such organization reimbursed such owner on the transfer of title to such property."

[3] Danbury Code § 18-20 provides: "The City of Danbury hereby adopts the provisions of Section 12-81b of the Connecticut General Statutes relating to the effective date of tax exemptions for certain organizations. Accordingly, the property tax exemption authorized by subsections (7) to (16), inclusive, of Section 12-81 of the Connecticut General Statutes shall be effective as of the date of acquisition of the property to which the exemption applies. The tax-exempt organization shall be reimbursed for any tax paid by it for a period subsequent to the date of such acquisition and shall also be reimbursed for any tax paid by the prior owner for a period subsequent to the date of such acquisition for which such tax-exempt organization reimbursed the prior owner upon the transfer of title to such property. This section shall be effective for all applicable transfers occurring on or after October 1, 1986."

[4] Although Katherine A. Skurat, the tax collector of the city of Danbury, was also a defendant in this case, we refer to both defendants as the city.

that the one year statute of limitations applied to its claim for a refund pursuant to § 12-119. We agree. Accordingly, we reverse the judgment of the Appellate Court.

The Appellate Court properly relied upon the following stipulated facts. "Interlude is a Connecticut non-profit corporation that provides community based, integrated transitional housing, support and rehabilitation services to individuals who suffer from severe psychiatric disabilities. On September 24, 1992, Interlude took title to four properties located at 25, 27, 29 and 31 Grand Street in the city of Danbury, and recorded its deed on October 5, 1992. Each of the four properties consists of three condominium units; all but four of the units are used by Interlude for its clients for charitable purposes.

"At the time of Interlude's purchase of the property, the city exempted the property from taxation. The city notified Interlude of its exemption on July 2, 1993. [Prior to Interlude's purchase, however, the property had been assessed on October 1, 1991, as taxable.[5] The owner of the property at that time, Junco, Inc., a corporation that is not tax exempt, had been billed pursuant to that assessment and had paid the installment that had come due on July 1, 1992.] The city thereafter billed Interlude for the remaining three quarters of the 1991 grand list and for five days of the 1992 grand list, which the city claims became due and payable on October 1, 1992, and January 1, April 1 and July 1, 1993. Initially, Interlude did not pay these tax bills. On November 1, 1994, however, the city noticed a tax lien on the property. On January 15, 1995, Interlude paid to the city, under protest, the

[5] It is undisputed that the property in question was assessed on October 1, 1991, and that the bills for that assessment were due and payable in four installments on July 1 and October 1, 1992, and January 1 and April 1, 1993. It is also undisputed that neither Junco, Inc., nor Interlude appealed from the October 1, 1991 assessment to the board of tax review.

amount of \$21,495.40 in taxes, interest and lien fees as well as an additional \$2832.88 in attorney's fees to avoid a tax sale of the property. Interlude then demanded reimbursement of the moneys it had paid to the city under protest, which was denied by the city. Interlude thereafter filed [this] suit, seeking a declaratory judgment as to the meaning of a nonprofit organization's exemption from taxation pursuant to General Statutes § 12-81b and Danbury Code § 18-20, and demanding reimbursement of all moneys it had paid to the city to avoid a tax sale. The [city] pleaded by way of a special defense that Interlude's claims were untimely and were not permitted under General Statutes §§ 12-89,[6] 12-118[7] or 12-119. The trial court rendered judgment, granting Interlude a reimbursement 'for any taxes it paid that accrued on or after [September 24, 1992, the date of its acquisition of the properties in question].' The trial court did not, however, grant Interlude a reimbursement for any taxes it had paid that had accrued prior to its acquiring the property on September 24, 1992, which represents the bulk of taxes Interlude had paid under protest." *Interlude, Inc.* v. *Skurat*, supra, 54 Conn. App. 285–86.

---

[6] General Statutes § 12-89 provides: "The board of assessors of each town, consolidated town and city or consolidated town and borough shall inspect the statements filed with it and required by sections 12-81 and 12-87 from . . . charitable . . . organizations, shall determine what part, if any, of the property claimed to be exempt by the organization shall be in fact exempt and shall place a valuation upon all such property, if any, as is found to be taxable, provided any property acquired between assessment dates by any tax-exempt organization shall first become exempt on tax list next succeeding the date of acquisition. Any organization filing a tax-exempt statement, aggrieved at the action of the board of assessors, may appeal, within the time prescribed by law for such appeals, to the board of assessment appeals. Any such organization claiming to be aggrieved by the action of the board of assessment appeals may, within two months from the time of such action, make application in the nature of an appeal therefrom to the superior court for the judicial district of Hartford pursuant to section 12-39*l*."

[7] General Statutes § 12-118 was repealed by Public Acts 1995, No. 95-283, § 67, effective July 6, 1995.

The Appellate Court did not address Interlude's claim that the trial court improperly had interpreted § 12-81b and Danbury Code § 18-20 because the Appellate Court agreed with the city's alternate ground for affirmance, namely, that Interlude's action was barred by the statute of limitations provision of § 12-119. Id., 287. Because we disagree and conclude that § 12-119 is inapplicable to the present case, upon remand, the Appellate Court will have the opportunity to consider the merits of Interlude's appeal.

"The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29[8] and Practice Book § [17-55],[9] is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties. . . . [I]n analyzing whether a declaratory judgment action is barred by a particular statutory period of limitations, a court must examine the underlying claim or right on which the declaratory action is based. . . . It necessarily follows that if a statute of limitations would have barred a claim asserted in an action for relief other than a declaratory judgment, then the same limitation period will bar the same claim asserted in a

---

[8] General Statutes § 52-29 (a) provides: "The Superior Court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment."

[9] Practice Book § 17-55 provides: "A declaratory judgment action may be maintained if all of the following conditions have been met:

"(1) The party seeking the declaratory judgment has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations;

"(2) There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; and

"(3) In the event that there is another form of proceeding that can provide the party seeking the declaratory judgment immediate redress, the court is of the opinion that such party should be allowed to proceed with the claim for declaratory judgment despite the existence of such alternate procedure."

declaratory judgment action." (Citations omitted; internal quotation marks omitted.) *Wilson* v. *Kelley*, 224 Conn. 110, 115–16, 617 A.2d 433 (1992). The Appellate Court, therefore, properly considered whether a statute of limitations barred Interlude's action. We disagree, however, with the Appellate Court's resolution of this issue and conclude that the statute of limitations provided by § 12-119 does not apply to Interlude's claim.

"Assessment is the listing and valuation of property liable to taxation according to law." (Internal quotation marks omitted.) *National CSS, Inc.* v. *Stamford*, 195 Conn. 587, 596, 489 A.2d 1034 (1985). When a taxpayer is aggrieved by the assessment of his property, there are statutory procedures in place for the taxpayer to challenge the assessment. "[T]he legislature has established two primary methods by which taxpayers may challenge a town's assessment or revaluation of their property. First, any taxpayer claiming to be aggrieved by an action of an assessor may appeal, pursuant to General Statutes § 12-111,[10] to the town's board of tax review. The taxpayer may then appeal, pursuant to General Statutes § 12-118, an adverse decision of the town's board of tax review to the Superior Court. The second method of challenging an assessment or revaluation is by way of § 12-119. . . . [Section] 12-119 allows a taxpayer one year to bring a claim that the tax was imposed by a town that had no authority to tax the subject property, or that the assessment was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of [the real] property . . . . The first cate-

---

[10] General Statutes § 12-111 provides in relevant part: "Any person, including . . . any person to whom title to [real] property has been transferred since the assessment date, claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to the board of assessment appeals. Such appeal shall be filed, in writing, on or before February twentieth. . . ." We note that this statute was referenced in the parties' appellate briefs, but was not mentioned in the special defenses.

gory in the statute embraces situations where a tax has been laid on property not taxable in the municipality where it is situated . . . . *E. Ingraham Co.* v. *Bristol,* 146 Conn. 403, 408, 151 A.2d 700, cert. denied, 361 U.S. 929, 80 S. Ct. 367, 4 L. Ed. 2d 352 (1959). . . . The second category consists of claims that assessments are (a) manifestly excessive and (b) . . . could not have been arrived at except by disregarding the provisions of statutes for determining the valuation of the property." (Citations omitted; internal quotation marks omitted.) *Wilson* v. *Kelley,* supra, 224 Conn. 117–19.

Section 12-119 addresses two different types of cases: (1) "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set"; and (2) "a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and [must] have been arrived at . . . by disregarding the [proper] . . . valuation of such property . . . ." As Interlude has asserted, it is not challenging any *assessment,* in the sense of the valuation, of taxes, the remedy for which is provided by the second part of § 12-119. Instead, Interlude is challenging the city's collection of taxes on property that subsequently became tax-exempt pursuant to § 12-81b and Danbury Code § 18-20. It is undisputed that on October 1, 1991, the date of the assessment, the property in question was taxable. Only after Interlude's acquisition of the property on September 24, 1992, was the property considered tax-exempt pursuant to the charitable organization exemption. Although Interlude claims that it should not be held liable for the tax bill accrued from October 1, 1991, to September 23, 1992, it is not arguing that the property improperly had been assessed for that time period. Accordingly, § 12-119 is inapplicable.

With respect to the first prong of § 12-119, it is necessary to analyze the statute in the context of the entire

range of municipal taxing statutes. See General Statutes §§ 12-89, 12-111, 12-118 and 12-119. These statutes make clear that the "assessment date" is the foundation of municipal taxing power. Thus, it is necessary to consider the date of assessment as the appropriate date, both for purposes of valuation of taxable property and for determining whether property is "taxable in the town" involved. General Statutes § 12-119. A municipality generates its annual tax bills, and therefore its tax revenues, based on the grand list as of the assessment date. Consequently, because Interlude did not own the property on the October 1, 1991 assessment date, its claim in this case is not governed by the first prong of § 12-119.

Furthermore, the application of § 12-119 to the facts of this case would achieve the bizarre result that Interlude would have had only six days in which to bring this cause of action before the statute of limitations expired on October 1, 1992. We decline to construe § 12-119 to this case because "[t]he law favors a rational statutory construction and we presume that the legislature intended a sensible result." (Internal quotation marks omitted.) *State* v. *Jimenez*, 228 Conn. 335, 341, 636 A.2d 782 (1994).

The Appellate Court improperly read Interlude's complaint as alleging that "[p]ursuant to General Statutes § 12-81 subdivision (7), the Properties have been and continue to be exempt from taxation, including real property taxes levied by the [city], by virtue of Interlude's ownership and [charitable] use of the Properties . . . [as invoking] § 12-119, that is, that the city had no authority to tax the subject property." (Internal quotation marks omitted.) *Interlude, Inc.* v. *Skurat*, supra, 54 Conn. App. 288. Read in its entirety, however, Interlude's complaint clarifies that its claim for reimbursement involves only that which occurred after the date

of its acquisition of the property on September 24, 1992, not the assessment of the property on October 1, 1991.[11]

In this connection, we should note that § 12-119 has been applied to claims of nontaxability. See, e.g., *Loomis Institute* v. *Windsor*, 234 Conn. 169, 661 A.2d 1001 (1995) (educational institution challenged denial of claimed tax exemption on certain real property); *Common Fund* v. *Fairfield*, 228 Conn. 375, 636 A.2d 795 (1994) (nonprofit corporation challenged tax assessment on property claimed as exempt); *Faith Center, Inc.* v. *Hartford*, 192 Conn. 434, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984) (religious organization claimed personal property was exempt from taxation and therefore wrongfully assessed); *Crescent Beach Assn.* v. *East Lyme*, 170 Conn. 66, 363 A.2d 1045 (1976) (municipal corporation claimed property used for public purpose was tax exempt and therefore wrongfully assessed). These cases are distinguishable, however, because in all of them the nontaxable entity owned the property on the assessment date and, therefore, § 12-119 was the appropriate statute to invoke.[12]

---

[11] The relevant paragraphs of Interlude's amended complaint provide in pertinent part: "3. Prior to said *acquisition*, Junco [Inc.] paid all the real property taxes assessed by and owing to [the] defendant Katherine A Skurat, Tax Collector of the City of Danbury, and [the] defendant City of Danbury . . . on the Properties up to and including the first quarterly installment of the List of October 1, 1991 assessment which was due and payable on or before July 1, 1992.

"4. *Since acquisition* of the Properties Interlude has used and continues to use the Properties for carrying out its charitable purposes. . . .

"6. Danbury Code § 18-20, enacted pursuant to and in accordance with General Statutes § 12-81b, provides that the property tax exemption authorized by, inter alia, General Statutes § 12-81, subdivision (7) shall be effective as of the *date of acquisition* of the property to which the exemption applies.

"7. Pursuant to General Statutes § 12-81b and Danbury Code § 18-20, Interlude is exempt from paying any and all taxes on the Properties due and payable *on or after said date of acquisition*. . . ." (Emphasis added.)

[12] We note that, although we conclude that § 12-119 does not apply to the present case, we are not deciding what statute of limitations—if any—is applicable. Instead, we leave that question to a case in which that issue is fully litigated.

We are not considering the merits of Interlude's case here, namely, whether Interlude is responsible for the taxes properly assessed on October 1, 1991, but not due and payable until after Interlude's acquisition of the property on September 24, 1992. We merely determine that § 12-119 is inapplicable to the present case because there is no issue regarding the assessed value of the property, and because Interlude did not own the property on the assessment date. Accordingly, the one year statute of limitations provided by § 12-119 is not applicable here and, therefore, does not bar Interlude's claim.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings according to law.

In this opinion the other justices concurred.