[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
In the complaint herein, the plaintiff, L. Scott Frantz, brought a breach of contract action against the defendants, Rutherford R. and Carol Grey Romaine. The plaintiff alleges the following pertinent facts: on December 12, 1993, Carol Romaine purchased a parcel of waterfront property. In connection with this transaction, the defendants wished to purchase a contiguous property (the parcel) which surrounded the waterfront property on two sides. The plaintiff alleges that the defendants approached him about helping to finance the purchase of the parcel. On December 12, 1993, the defendants executed a promissory note (note) to the plaintiff in the amount of $1.8 million and Rutherford Romaine executed a mortgage deed against the parcel.
On that same day, the plaintiff and the defendants executed an Agreement of Purchase Option (APO) as a means of ensuring that the parties' common goal of limiting and restricting any development on the parcel would be achieved. The plaintiff alleges that in return for favorable terms in the note, the defendants granted to the plaintiff certain successive and mutually exclusive rights[1] to the parcel in the APO and that these rights would be triggered in the event of a default by the defendants on the note. The plaintiff alleges that the defendants defaulted on the note numerous times beginning in December of 1994. In June of 1999, when the plaintiff learned that the defendants were attempting to subdivide the parcel in violation of the APO, the plaintiff gave the defendants written notice of their default on the note. On December 21, 1999, the defendants made their final note payment to the plaintiff. The plaintiff alleges that because the defendants defaulted on the note, the plaintiff still retains certain rights under the APO despite the defendants' final payment on the note.
Consequently, the plaintiff's three count complaint alleges (1) an action for a declaratory judgment;[2] (2) a request for a temporary and permanent injunction; and (3) a violation of the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes § 42-110a et seq. On October 4, 2000, the defendants moved to strike the entire complaint and prayer for relief on the grounds that: (1) counts one and two must be stricken as there is no separate consideration for the obligation under the APO and therefore, it is not a valid contract; and CT Page 4642 (2) count three must be stricken as the plaintiff fails to allege that the defendants committed acts in the conduct of trade or commerce involving real estate transactions and therefore, the plaintiff has not alleged a legally sufficient CUTPA claim.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39; see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
First, the defendant argues that count one of the complaint seeking a declaratory judgment action must be stricken as there is no independent consideration for the promises under the APO and therefore, it is not an enforceable contract. "The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29[3] and Practice Book § [17-55], is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." (Internal quotation marks omitted.)Interlude, Inc. v. Skurat, 253 Conn. 531, 536-37, 754 A.2d 153 (2000).
There are three conditions that must be met in order to allege an action for a declaratory judgment: "A declaratory judgment action may be maintained if all of the following conditions have been met: (1) The party seeking the declaratory judgment has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations; (2) There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; and (3) In the event that there is another form of proceeding that can provide the party seeking the declaratory judgment immediate redress, the court is of the opinion that such party should be allowed to proceed with the claim for declaratory judgment despite the existence of such alternate procedure." Practice Book § 17-55.
As a preliminary matter, the court notes that the defendants have mischaracterized the motion to strike standard. "In judging a motion to strike . . . it is of no moment that the plaintiff may not be able to CT Page 4643 prove [his] allegations at trial . . . The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." (Internal quotation marks omitted.) Barros v. Avis Rent A Car, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 402587 (October 8, 1997, Zoarski, J.T.R.). In the present case, the defendants improperly attack the merits of the plaintiff's claim, specifically, a failure of consideration to support the APO, as the grounds for their motion to strike. The defendants' motion does not address the requirements of § 17-55 or attack the plaintiff's allegations on that basis. Compare Plotkin v. Barot, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346547 (June 15, 1999, Skolnick J.) (court granted motion to strike declaratory judgment finding that "pursuant to Practice Book § 17-55(3), the plaintiff should be left to seek redress by way of the breach of contract cause of action."); Morris v. Shawmut Bank, Superior Court, judicial district of Waterbury, Docket No. No. 114860 (October 20, 1994,McDonald, J.) (12 Conn. L. Rptr. 544, 547) (court granted motion to strike declaratory judgment finding that pursuant to § 17-55 (3) the court found the relief requested in the second count would "provide a more convenient, complete, and appropriate remedy for determining the plaintiffs' rights and liabilities . . ."); Pacific Employers Ins. Co. v.The Inn at Falls Village, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531523 (May 13, 1994,Mulcahy, J.) (court granted motion to strike declaratory judgment finding that pursuant to § 17-55 (3) "another direct and effective procedure is readily available (and pending) to determine the issue of coverage . . ."). Accordingly, the defendants' motion to strike count one is denied.
Next, the defendants argue that the plaintiff's second count requesting a temporary and permanent injunction must be stricken as there is no additional consideration for the obligations under the APO and therefore, it is not a valid contract. "A party seeking injunctive relief has the burden of alleging . . . irreparable harm and lack of an adequate remedy at law." (Internal quotation marks omitted.) Advest, Inc. v.Wachtel, 235 Conn. 559, 562-63, 668 A.2d 367 (1995). As the court has already discussed, it is improper to attack the merits of the plaintiff's claim as the grounds for a motion to strike. See Barros v. Avis Rent ACar, Inc., Superior Court, supra, Docket No. 402587. In this case, again the defendants have not based their motion on the ground that the plaintiff's claim does not meet the requirements necessary to allege a claim for injunctive relief. Furthermore, even if the defendants' had moved to strike the plaintiff's allegations on the proper grounds, the court would still find that the plaintiff's allegations are legally sufficient. In count two, the plaintiff alleges that due to the defendants' conduct "[the plaintiff] will suffer an irreparable injury to CT Page 4644 his interests under the APO for which he has no adequate remedy at law." (Complaint, count two, ¶ 9.) Consequently, the court finds that the plaintiff has alleged a legally sufficient cause of action for an injunction and therefore, the defendants' motion to strike count two is denied.
Finally, the defendants argue that count three of the complaint sounding in a violation of CUTPA must be stricken as the plaintiff has failed to allege all the requisite elements of a CUTPA claim. Specifically, the defendants argue that the plaintiff has not alleged that the defendants committed acts in the conduct of trade or commerce involving real estate transactions.[4] The defendants contend, therefore, that the CUTPA claim and all related prayers for relief are legally insufficient and must be stricken. The plaintiff responds that the defendants were selling a multimillion dollar vacant piece of investment property and therefore, under the liberal construction of the statute, the plaintiff has sufficiently alleged that the defendants conducted acts within the trade or commerce of real estate.
"In order to allege a CUTPA violation properly, the plaintiff must allege . . . that the acts complained of were performed in a trade or business." (Internal quotation marks omitted.) Pergament v. Green,32 Conn. App. 644, 655, 630 A.2d 615, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "[A]n isolated private sale of real estate by one not in the business of doing so, is not encompassed within the trade or commerce language of the CUTPA statute." (Internal quotation marks omitted.) Pape v. Goldbach, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 150578 (January 5, 2000, Pellegrino,J.); see also Boyce v. Canby, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153623 (February 27, 1998,Lewis, J.). Nevertheless, CUTPA "is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit." (Citations omitted; internal quotation marks omitted.) WillowSprings Condominium Assn., Inc. v. Seventh BRT Development Corp.,245 Conn. 1, 42, 717 A.2d 77 (1998).
In the present case, the plaintiff alleges that the conduct of the defendants was "undertaken by them in their conduct in Connecticut of their trade and commerce in connection with Rutherford Romaine's sale or development of the Parcel as a multi-million dollar investment property . . ." (Complaint, count three, ¶ 10.) The court notes that, unlike the allegations in the present case, allegations which do not claim that the defendant is engaged in trade or commerce will not stand. SeePergament v. Green, supra, 32 Conn. App. 655-56 (court reversed the trial court's ruling and held that because the plaintiff failed to allege that "the acts complained of were performed in a trade or business," the CT Page 4645 plaintiff had "failed to frame a cause of action under CUTPA" and could not "prevail on this claim."); Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 670, 613 A.2d 838 (1992) (court affirmed trial court ruling which granted motion to strike CUTPA claim because "the plaintiff [did] not allege that the defendant committed these acts in the conduct of any trade or commerce.").
Consequently, viewing the facts alleged in the complaint as most favorable to the nonmoving party' the court finds that the plaintiff has sufficiently alleged that the defendants' acts were performed in a trade or business as required to support a CUTPA claim. See Pape v. Goldbach, Superior Court, supra. Docket No. 150578 (court denied motion to strike CUTPA claim where plaintiff sufficiently alleged that defendant engaged in trade or commerce under statute). Accordingly, the defendants' motion to strike count three is denied.
In conclusion, the defendants' motion to strike the plaintiff's entire complaint and prayer for relief is denied.
So Ordered.
D'ANDREA, J.