08-6229-cv
Marshall v. Middlefield

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

PRESENT:
>        ROBERT A. KATZMANN,
>        DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
>        LOUIS L. STANTON,[*]
> > *District Judge.*

_____

Kerry L. Marshall,

>        Plaintiff-Appellant,

>        v.                                              08-6229-cv

Town of Middlefield, Anne L. Olszewski, Town of Middlefield's Tax Collector, ind., Jane Doe, ind.,

>        Defendants-Appellees.

_____

---

[*]Louis L. Stanton, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:     Kerry L. Marshall, *pro se*,
                             Middlefield, Connecticut.

FOR DEFENDANT-APPELLEE:      No appearance. *See* Fed. R. App. P.
                             31(c).

Appeal from the United States District Court for the District of Connecticut (Kravitz, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is **AFFIRMED.**

Appellant Kerry L. Marshall appeals from the judgment of the United States District Court for the District of Connecticut (Kravitz, J.) granting Defendants' summary judgment motion on the ground that the Tax Injunction Act, 28 U.S.C. § 1341, and the principle of comity deprived it of subject matter jurisdiction over his 42 U.S.C. § 1983 claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's legal conclusion that it lacked subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To the extent that the district court granted summary

2

judgment, this Court reviews such orders *de novo* and determines whether the district court properly concluded there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202-03 (2d Cir. 1995). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c), *i.e.*, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Tax Injunction Act ("TIA") provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *see Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) (explaining that the TIA prevents district courts from providing injunctive and declaratory relief as long as there is a "plain, speedy and efficient" state court remedy). Similarly, the principle of comity prevents a

3

taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court. *See Long Island Lighting Co.,* 889 F.2d at 431. Before the TIA may be invoked to bar district court jurisdiction, two conditions must exist: (1) the assessment or surcharge in question must constitute a tax; and (2) the plaintiff must lack a "plain, speedy and efficient remedy in state court." *Hattem v. Schwarzenegger*, 449 F.3d 423, 427 (2d Cir. 2006). This Court has explained that "the TIA should be interpreted to preclude jurisdiction only where 'state taxpayers seek federal-court orders enabling them to *avoid paying state taxes*.'" *Luessenhop v. Clinton County*, 466 F.3d 259, 267 (2d Cir. 2006) (quoting *Hibbs v. Winn*, 542 U.S. 88, 107 (2004)).

Here, the district court properly concluded that Appellant's complaint sought to avoid the payment of taxes. The parties disputed whether Appellant had paid a particular motor vehicle property tax bill that had been assessed on his Dodge Intrepid. Furthermore, although Appellant argues that his case is analogous to *Luessenhop* and *Wells v. Malloy*, 510 F.2d 74, 77 (2d Cir. 1975), he is not directly challenging the method by which he was notified of the delinquent taxes, nor the state statute specifying that he

4

must pay the delinquent taxes on the Dodge Intrepid before he is allowed to pay the taxes on his other automobile.

We note that Connecticut provides multiple methods by which a taxpayer may contest property taxes: (1) the taxpayer may administratively appeal the assessment to a board of assessment appeals, and he may then appeal that decision to Connecticut Superior Court, under Conn. Gen. Stat. § 12-117a; or (2) the taxpayer may directly file an action in Connecticut Superior Court to claim that the property has been wrongfully assessed, under Conn. Gen. Stat. § 12-119. *See, e.g., Second Stone Ridge Coop. Corp. v. City of Bridgeport*, 597 A.2d 326, 326 (Conn. 1991) (distinguishing between § 12-119 and § 12-117a, which was formerly codified as § 12-118, in the context of challenges to valuation). Appellant argues that it would have been impossible for him to have timely filed a claim under § 12-119 in state court since the assessment concerned the 1997 tax year and he only learned of the assessment in 2007. However, even assuming this is true, it does not appear likely that the Connecticut state courts would construe the statute of limitations in a way that would completely foreclose any claim. *See, e.g., Wiele v. City of*

*Bridgeport*, No. CV074020814S, 2008 WL 5253146, at *2-4

(Conn. Super. Ct. 2008); *Lawrence & Memorial Hosp. v. City*

*of New London*, No. CV074007075, 2008 WL 271664, at *4-5

(Conn. Super Ct. 2008); *cf. Interlude, Inc. v. Skurat*, 754

A.2d 153, 158 (Conn. 2000) (calling a result in which

application of the § 12-119 statute of limitations would

have left plaintiff with only six days to file an appeal

"bizarre").

Thus, the district court properly concluded that it

lacked subject matter jurisdiction to consider his claims

under the TIA and the principle of comity. *See Long Island*

*Lighting*, 889 F.2d at 433. Accordingly, the district

court's judgment is **AFFIRMED**.

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk

                         By:_____